ELLA MAE MURPHY ET AL V. MRS. W. F. MITTELSTADT ET AL.

No. A-957. Decided January 15, 1947.
(199 S. W. 2d Series, 478.)

452

*Grover Sellers*, Attorney General, *Wm. J. R. King, Joe McCasland*, and *Geo. W. Barcus*, Assistants Attorney General, for petitioner.

It was error for the trial court to hold that Mrs. Mittelstadt should be granted a mandamus when she had not appealed to the State Board of Hairdressers and Cosmetologists for a hearing on her application and otherwise exhausted all her legal remedies. 28 Tex. Jur. 525; 34 Tex. Jur. 498; Industrial Acc. Bd. v. Glenn, 190 S. W. (2d) 805.

*Lee Minner* and *E. G. Hendrichson,* of Edinburg, for respondents.

Applicant's license was renewed when she filed her application, before the expiration of her former license, and paid the registration fee and furnished the proper health certificates for the reason, as admitted by the Board, that she had never been convicted of a violation of any of the provisions of Article 734b, and was therefore entitled to her writ of mandamus. City of San Antonio v. Routledge, 102 S. W. 765; Jefferson v. McFadden, 178 S. W. 717.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The Court of Civil Appeals affirmed a judgment of the district court for the issuance of a writ of mandamus, commanding petitioners as members of the State Board of Hairdressers and Cosmetologists to issue to respondent, Mrs. Mittelstadt, a certificate of registration in renewal of a certificate formerly issued to her for the operation of a school of beauty culture in the city of Pharr, in accordance with the provisions of Chapter 116, Acts Regular Session, 44th Legislature, as amended by Chapter 469, Acts Second Called Session, 44th Legislature, and by Chapter 365, Acts Regular Session 48th Legislature. Vernon's Annotated Penal Code, Article 734b. 195 S. W. (2d) 165.

The case was tried on an agreed stipulation or statement of facts, which was adopted by the trial court as its findings of fact. The trial court filed elaborate conclusions of law, which were adopted by the Court of Civil Appeals as its conclusions of law.

The facts stipulated are in substance as follows: Respondent Mrs. Mittelstadt held a certificate of registration or license for the operation of a school of beauty culture, which certificate or license was issued for the year ending August 31, 1945, and respondent and those associated with her were duly licensed as operators and conductors of the school. Respondent, prior to September 1, 1945, transmitted to petitioners, the Board, the annual registration fee of $100.00, together with annual registration fees for herself as operator and instructor "and the usual certificate as to health and so forth," which fees and accompanying data were received by the Board prior to September 1, 1945.

The volume of business is such that action by the Board upon many applications for renewal of certificates is delayed for many

months; and on that account respondent's application for renewal of her certificate or license was not acted upon by the Board until January 2, 1946. At that time the Board, by ex parte proceedings "and upon information theretofore received after October, 1945, by the members of such Board or a quorum thereof, and by them deemed sufficient to warrant such action," refused to renew respondent's certificate or license, and notified respondent by letter of its action and its reasons for the same. The reasons given in the letter were: maintaining an unsanitary establishement, not possessing proper apparatus and equipment, charging for work done by students who had not completed 50% of the required number of hours, failure to maintain regular class and instruction hours, failure to maintain a sufficient number of instructors and failure to keep a true and daily record of students. The letter further stated that the Board would not accept students from respondent's school for examination by giving them credit for hours spent in the school after January 10, 1946. The Board mailed notices to respondent's students advising them that they would not be entitled to credit for time in attendance in the school after that date, and it has not given credit to respondent's students for hours of instruction received after January 10, 1946, and will not unless required by a final decree to do so. Respondent continued to operate the school of beauty culture after September, 1945, and until the time when this suit was filed.

It is further stipulated that respondent has never been tried for, and has never been convicted of, any offense that would have any bearing upon her right or lack of right to be licensed as an operator of a school of beauty culture; and that subsequent to the action of the Board on January 2, 1946, with respect to respondent's status as a licensee, she has made no application to the Board for a hearing, and has sought no relief from the Board other than to bring this suit.

Petitioners contend that one who applies for a renewal of a certificate of registration or license under the Act is in the same position as one who originally applies for a certificate or license; that they, the Board, have the same authority and discretion to refuse a renewal that they have to refuse an original application; and that when they have refused to renew a certificate of registration or license, the applicant must, before resorting to court, proceed under Section 20 of the Act, by appealing to the Board for a hearing. Respondent contends that an application for renewal is not the same as an application for an original certificate of registration or license; that Section 20

of the Act has no application to the refusal of the Board to renew a certificate or license; and that the operator of a school of beauty culture to whom a certificate of registration has been duly issued is entitled as a matter of right to a renewal of the certificate or license when on or before August 31 he makes application for the renewal, pays the annual registration fee of $100.00, and submits certificate of good health.

The first section of the Act provides that it shall be unlawful for any person to engage in the practice or occupation of a hairdresser or cosmetologist or to conduct a hairdressing or cosmetological establishment or school unless he shall have first obtained a certificate of registration or license. By Section 9 the Board is required to hold twice each year in the capital of the state regular meetings for the examination of applicants for certificates, the examinations to be conducted under rules made by the Board in accordance with certain standards prescribed in general terms in the section. Section 15 provides for the issuance of certificates by the Board to applicants who pass examinations to the Board's satisfaction and in compliance with the Board's rules.

Section 11 authorizes any person, firm or corporation to apply to the State Board for a certificate of registration as a school of beauty culture upon the payment of $100.00. The same section specifies the requirements which qualify the applicant for a certificate of registration for a school. Among these are that the school employ a sufficient staff of instructors who are registered hairdressers or cosmetologists, that the instructors be required to pass examinations conducted by the Board, that the school maintain on its staff as a consultant one doctor of medicine, that the school possess adequate apparatus and equipment, that it keep daily records of the attendance of students, etc. The first part of Section 18 is as follows:

"The first certificate of registration and license shall be valid until August 31, 1936. Thereafter no certificate or license shall be issued for a longer period than one year and shall expire on the thirty-first day of August of the year for which they are issued unless renewed prior to that date. The holder of an expired certificate or license may have said certificate or license restored within one year after the date of expiration, upon the payment of the required renewal fee and satisfactory proof of his or her qualifications to resume practice."

The first paragraph of Section 19 provides:

"The said Board created by this Act shall have the power to revoke or suspend certificates provided in this Act, when the registrant or licensee shall have been convicted of having violated any of the provisions of this law or shall have been convicted of a felony or shall have been convicted of drunkenness or of any offense in either the State or Federal Court involving the illegal use, sale or transporatation of intoxicating liquor or narcotic drugs, and any person so charged shall have the right of trial by jury in the county or district where such offense is alleged to have been committed before the revocation or cancellation of such license shall become effective."

By Subdivision (a) of Section 19 the Board is authorized to refuse to grant a certificate to any person who fails to make a grade of 75 in all subjects upon which he is examined, to any-one guilty of fraud in passing an examination and obtaining a certificate, or to one found guilty of a felony or gross immorality or unprofessional or dishonest conduct, or to one who becomes addicted to the use of drugs or to the habitual use of intoxicating liquor, or to one who knowingly uses false and deceptive statements in advertising. Subdivision (b) of Section 19 provides that "the license of an operator shall not be suspended or revoked by the Board without a trial de novo," and that "the accused shall have a trial in the district court of the county of her residence." Section 20 is as follows:

"Should any person who had made proper application for a certificate to practice under this Act and paid the fees provided for therein be refused such certificate, or in the case any such certificate shall be revoked or suspended, such person shall have the right to appeal to the Board for a hearing, and such hearing shall be conducted in accordance with the established rules of law for hearing and determination of civil suits in the State of Texas, and if the party so aggrieved shall be dissatisfied with the determination of such suit with the Board, they may then in such event appeal to the District Court of the county of her residence where a trial shall be had de novo."

Section 18 makes the annual license fee for conducting a beauty parlor $5.00, the annual license fee for operators $3.00, and provides that "the annual registration fee to conduct a beauty school shall be $100.00."

■ Except for the provision as to restoring expired certificates of registration within one year after their expiration, the Act contains nothing with respect to the right of renewal of cer-

tificates other than the meager statements which have been quoted from Section 18, that is, that the certificate shall be issued for no longer period than one year and shall expire on the 31st day of August of the year for which it is issued *unless renewed prior to that date, and* that the *annual registration* fee shall be so much, $100.00 to conduct a school of beauty culture. In our opinion these statements, in connection with the failure of the legislature to prescribe in the Act a definite method and specific terms for renewal and to define the Board's authority in granting or refusing renewal, are reasonably construed to mean that the holder of a certificate is entitled to a renewal of it when, before the expiration of his certificate, he makes application for renewal, pays the annual registration fee, and submits a certificate of good health, and that when this is done the Board does not have the authority by ex parte proceedings and merely upon information by it deemed to be sufficient, as in the instant case, to refuse to renew the certificate.

The second sentence in Section 18 gives to the holder of an expired certificate the right to have his certificate restored within one year after its expiration merely upon payment of the renewal fee and satisfactory proof of his qualifications to resume practice. The construction given the Act by the Board makes the renewal of a certificate on application made before its expiration more difficult, more burdensome, and more uncertain than the restoration of a certificate after it has expired.

The trial court's conclusions of law point out the practical difficulties, emphasized by the facts shown by the record in this case, of a construction that would give the Board authority to act upon each application for the renewal of a certificate of registration as if it were an original application for a certificate. The provisions of Section 18 as to renewal of certificates of registration have reference to renewal of certificates that have been issued to operators who work in the trade or practice of beauty culture, to those who conduct beauty parlors, to instructors, and to those who conduct schools of beauty culture. There are many thousands who hold certificates under the Act. Each certificate has been issued for not more than a year and expires on August 31 unless renewed prior to that date. There is no requirement that applications for renewal be filed at any certain time before the expiration date. In this connection, the trial judge, in his conclusions said:

"I conclude that the Legislature did not contemplate that the board should annually be burdened with examining, inspecting

or determining the fitness of the fifty thousand (50,000) or more licensees throughout the State of Texas, who were entitled to renewal of their status for another twelve (12) months as licensees by payment before the end of the current fiscal year of the annual registration fee accompanied by proper health certificates. Because it is obvious that since such renewals may be sent in any time prior to August 31st of the current year, the volume thereof would make it impossible for the board to process the same within a period of many weeks after September 1st of the ensuing year; and if such licensees so remitting their annual registration fees were not thereby continued in the status of licensees, they would by provisions of Sections 1 and 2 of the Act be prohibited from working at their trade as such licensees from September 1st until some time perhaps many weeks later when the board could get around to certifying to such renewal or, certifying to such license."

In the instant case respondent's application for renewal made before August 31, 1945, was not acted upon by the Board until January 2, 1946. The stipulation shows that this delay was caused by the volume of the Board's business.

The construction for which petitioners contend would give the Board greater authority in refusing the renewal of certificates than it has under the Act in revoking or suspending certificates, and would permit the Board, as the facts in the instant case show, in effect to revoke certificates and licenses while disregarding the provisions of Section 19 of the Act. That section gives the Board power to revoke or suspend a certificate of registration when the registrant or licensee "shall have been convicted" of having violated any of the provisions of the Act, or shall have been convicted of felony or of drunkenness or of an offense involving the illegal use, sale or transportation of intoxicating liquor or narcotic drugs; and the section further provides that any person so charged shall have the right of trial by jury in the county or district where the offense is alleged to have been committed, before the revocation or cancellation of the license becomes effective. By the Board's construction of the Act and its practice, respondent has been as effectively deprived of the right to continue to operate her business as if her certificate had been revoked. And this has been done by the Board's ex parte action on information which it "deemed sufficient to warrant" the action, and when respondent has not been convicted of a violation of the Act or of any other law.

■ The right of appeal to the Board for a hearing and the further right of appeal from the Board's decision to the District Court are given by Section 20 to any person whose application for a certificate to practice under the Act has been refused, and to any person whose certificate has been revoked or suspended. The section makes no reference to an application for renewal of a certificate or to the refusal of an application for renewal. In view of the construction given to the Act by the trial court with respect to the right of annual renewal, which we approve, one who applies for the renewal of a certificate of registration, or license, is not in the same position as one who originally applies for a certificate or license. The refusal of an application for renewal is not the refusal of an application for a certificate. In our opinion, the procedure prescribed by Section 20 is intended for those whose original applications for certificates have been refused and for those whose certificates have been revoked or suspended.

■ Petitioners insist that unless the construction which they have placed on the Act and their practice under it are approved they will not be able to enforce the Act or "to control the occupation or profession of hairdressers and cosmetologists and those who operate or conduct beauty culture schools." The Board is not without authority for the enforcement of the Act and the accomplishment of its purposes. The Act gives the Board authority to conduct examinations of applicants for certificates and to make rules for the examinations, authority to prescribe sanitary rules and to make inspections of beauty shops or schools, requires applications to be accompanied by health certificates, authorizes the Board, within reasonable limitations, to refuse to grant certificates, authorize it to revoke or suspend certificates of persons who have been convicted of violating any of the provisions of the Act, and makes any such violations punishable by fine or imprisonment.

Since under the facts stipulated respondent was entitled as a matter of right to a renewal of the certificate, the trial court was authorized to issue the writ of mandamus. Board of Medical Examiners v. Taylor, 103 Texas 444, 129 S. W. 600.

The judgments of the district court and the Court of Civil Appeals are affirmed.

Opinion delivered January 15, 1947.