

# THE ATTORNEY GENERAL
## OF TEXAS

March 20, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mrs. Bobbye Ferris
Executive Director
Texas Board of Chiropractic
  Examiners
1300 E. Anderson Lane
Building C, Suite 245
Austin, Texas   78752

Opinion No. JM-650

Re:  Whether an applicant who is blind
may be prohibited from taking the
state licensing examination to be a
chiropractor

Dear Mrs. Ferris:

You ask whether an applicant who is blind can be prohibited from
taking the examination to obtain a license to practice chiropractic in
the State of Texas. We answer your question in the negative.

Article 4512b, V.T.C.S., creates the Texas Board of Chiropractic
Examiners and governs the licensure and regulation of chiropractors.
Section 10(a) of the licensing act specifically provides, in pertinent
part, that

> [a]ll applicants for license to practice chiro-
> practic in this state, not otherwise licensed
> under the provisions of this law, must success-
> fully pass an examination by the Texas Board of
> Chiropractic Examiners established by this law.
> The Board is authorized to adopt and enforce rules
> of procedure not inconsistent with the statutory
> requirements.

V.T.C.S. art. 4512b, §10(a). It is suggested that the board's refusal
to permit a blind applicant to take the licensing examination is a
violation of federal law, specifically 29 U.S.C. section 794 [section
504 of the Rehabilitation Act of 1973], which provides that

> [n]o otherwise qualified handicapped individual in
> the United States, as defined in section 706(7)
> of this title, shall, solely by reason of his
> handicap, be excluded from the participation in,
> be denied the benefits of, or be subjected to
> discrimination under any program or activity
> receiving Federal financial assistance. . . .

On the other hand, it is argued, that under the authority of Southeastern Community College v. Davis, 442 U.S. 397 (1979), the board's refusal does not constitute a violation of either 29 U.S.C. section 794 or the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. In Davis, the United States Supreme Court held, inter alia, that there was no violation of 29 U.S.C. section 794 or of the equal protection and due process clauses of the Fourteenth Amendment in an instance in which an educational institution refused to admit an individual with a severe hearing disability to a nursing program. We need not address whether federal law or the Davis case is apposite to the instant request, because we conclude that the board's refusal to permit a blind person to take the licensing examination is a violation of state law.

Section 10(a) of article 4512b further provides that

> all applicants shall be eligible for examination who present satisfactory evidence to the Board that they are more than eighteen (18) years of age, of good moral character, have completed sixty (60) semester hours of college courses, other than a chiropractic school, and are graduates of bona fide reputable chiropractic schools (whose entrance requirements and course of instruction are as high as those of the better class of chiropractic schools in the United States); a reputable chiropractic school shall maintain a resident course of instruction equivalent to not less than four (4) terms of eight (8) months each, or a resident course of not less than the number of semester hours required by The University of Texas for the granting of a Bachelor of Arts degree; shall give a course of instruction in the fundamental subjects named in Section 12 of this Act; and shall have the necessary teaching force and facilities for proper instruction in all of said subjects. Applications for examination must be made in writing, verified by affidavit, and filed with the secretary of the Board, on forms prescribed by the Board, accompanied by a fee. All applicants shall be given due notice of the date and place of such examination.

Section 14a of article 4512b, V.T.C.S., details the grounds for refusing, revoking, or suspending a license granted by the board and provides the following:

Sec. 14a. The Texas Board of Chiropractic Examiners may refuse to admit persons to its examinations and may cancel, revoke or suspend licenses or place licensees upon probation for such length of time as may be deemed proper by the Board for any one or more of the following causes:

1. For failure to comply with, or the violation of, any of the provisions of this Act or of a rule adopted under this Act;

2. If it is found that said person or persons are in any way guilty of deception or fraud in the practice of chiropractic;

3. The presentation to the Board or use of any license, certificate or diploma, which was illegally or fraudulently obtained, or the presentation to the Board of any untrue statement or any document or testimony which was illegally practiced in passing the examination;

4. Conviction of a crime of the grade of a felony, or one which involves moral turpitude, or the procuring or assisting in the procuring of an abortion;

5. Grossly unprofessional conduct or dishonorable conduct of a character likely to deceive or defraud the public, habits of intemperance or drug addiction, or other habits calculated in the opinion of the Board to endanger the lives of patients;

6. The use of any advertising statement of a character to mislead or deceive the public;

7. Employing or associating with, directly or indirectly, any person who, during the period of such employment, commits any act constituting the practice of chiropractic when such person is not licensed to do so;

8. The advertising of professional superiority, or the advertising of the performance of professional services in a superior manner;

9. The purchase, sale, barter, use, or any offer to purchase, sell, barter or use, any

chiropractic degree, license, certificate, or diploma, or transcript of license, certificate, or diploma in or incident to an application to the Board of Chiropractic Examiners for license to practice chiropractic;

10. Altering with fraudulent intent any chiropractic license, certificate or diploma, or transcript of chiropractic license, certificate or diploma;

11. The impersonation of, or acting as proxy for, another in any examination required by this Act for a chirporactic license;

12. The impersonation of a licensed practitioner, or the permitting or allowing another to use his license or certificate to practice chiropractic as defined by statute by a licensed practitioner;

13. Proof of insanity of the holder of a certificate, as adjudged by the regularly constituted authorities;

14. Failure to use proper diligence in the practice of chiropractic by the holder of a certificate, or grossly inefficient practice of chiropractic;

15. Failing to clearly differentiate a chiropractic office or clinic from any other business or enterprise; or

16. Personally soliciting patients, or causing patients to be solicited, by the use of case histories of patients of other chiropractors.

A general principle of administrative law is that an administrative agency has no inherent powers; an agency's jurisdiction and the nature and extent of its powers must be found within the constitutional and statutory provisions applicable to the agency. Board of Insurance Commissioners v. Guardian Life Insurance Co., 180 S.W.2d 906 (Tex. 1944); Blount v. Metropolitan Life Insurance Co., 677 S.W.2d 565 (Tex. App. - Austin 1984), rev'd on other grounds sub nom., Employees Retirement System of Texas v. Blount, 709 S.W.2d 646 (Tex. 1986). An agency may not exercise authority that exceeds the clear intent of the legislature, Gulf Coast Water Co. v. Cartwright, 160 S.W.2d 269 (Tex. Civ. App. - Galveston 1942, writ ref'd w.o.m.), nor may it enlarge its

powers by its own orders.  Railroad Commission of Texas v. Fort Worth & Denver City Railway Co., 161 S.W.2d 560 (Tex. Civ. App. - Austin 1942, writ ref'd w.o.m.).  Where a power is granted to an administrative agency and the method of its power is prescribed, the prescribed method excludes all others and must be followed.  Cobra Oil & Gas Corporation v. Sadler, 447 S.W.2d 887 (Tex. 1968); Foster v. City of Waco, 255 S.W. 1104 (Tex. 1923). Specifically, a licensing agency for a business or profession is not empowered to enforce standards which are different from or inconsistent with those of the controlling statute, even though they may be reasonable and may be administered reasonably.  Bloom v. Texas State Board of Examiners of Psychologists, 492 S.W.2d 460 (Tex. 1973); Murphy v. Mittelstadt, 199 S.W.2d 478 (Tex. 1947).  See Attorney General Opinion H-801 (1976).

We conclude, therefore, that the board may refuse to permit an applicant, who is eligible under section 10a, to take the licensing examination only for those reasons set forth in section 14a of article 4512b, V.T.C.S.  The fact that an applicant is blind is not one of the reasons set forth therein.  Accordingly, we conclude that the Texas Board of Chiropractic Examiners may not refuse to permit an applicant to take the licensing examination because the applicant is blind.

## S U M M A R Y

The Texas Board of Chiropractic Examiners may not refuse to permit an applicant to take the licensing examination because the applicant is blind.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General