OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 17, 1999

Ms. Deborah Hammond, LMSW-ACP
Chair, Texas State Board
  of Social Worker Examiners
1100 West 49th Street
Austin, Texas 78756-3183

Opinion No. JC-0049

Re: Whether section 50.023(e) of the Human Resources Code permits a person originally licensed without an examination, whose license has expired for more than a year, to reapply for a new license without an examination (RQ-1172)

Dear Ms. Hammond:

You ask about the licensing of a person as a social worker by the Texas State Board of Social Worker Examiners under section 50.023(e) of the Human Resources Code. Specifically, you ask whether section 50.023(e) permits a person originally licensed without an examination, whose license has expired for more than a year, to reapply for a new license without an examination. Because the plain language of the statute so provides, we conclude in the affirmative. Accordingly, we also conclude that the Board's rule on reapplication, to the extent it requires an applicant originally licensed without an examination to take an examination, is invalid.

You advise us of the following facts giving rise to your question. On April 24, 1998, an individual whose license expired more than fourteen years ago reapplied for a license contending that she is eligible to be licensed without an examination. You tell us this individual was originally certified[1] on August 31, 1983, under a "grandfather" provision which allowed her to be certified without taking an examination.[2] She did not renew the annual certification which expired on September 30, 1984. The applicant's request for licensing without an examination has prompted the

---

[1]Prior to 1993, social workers were "certified" rather than "licensed." *See* Act of May 25, 1993, 73d Leg., R.S., ch. 605, §§ 1, 12, 1993 Tex. Gen. Laws 2277, 2285.

[2]Prior to 1993, qualified persons could be granted social worker certification without examination. *See* Act of June 1, 1981, 67th Leg., R.S., ch. 776, § 1, 1981 Tex. Gen. Laws 2923, 2928 (authorizing certifications of persons meeting educational and other requirements of Act without examination until August 31, 1982), *amended by* Act of May 2, 1983, 68th Leg., R.S., ch. 87, § 8, 1983 Tex. Gen. Laws 417, 424 (authorizing certification without examination of persons meeting requirements of Act until December 31, 1985, and Act's work experience requirements after December 31, 1985) (eff. Sept. 1, 1983), *amended by* Act of May 25, 1993, 73d Leg., R.S., ch. 605, §§ 1, 21, 1993 Tex. Gen. Laws 2277, 2287-88 (deleting grandfather provision); *see also* Tex. Att'y Gen. LO-89-104 (discussing 1983 grandfather provision).

Texas State Board of Social Worker Examiners in turn to request an opinion from this office as to whether section 50.023(e) of the Human Resources Code permits this.

The Texas Professional Social Work Act, sections 50.001-50.034 of the Human Resources Code (the "Act"), creates the Texas State Board of Social Worker Examiners (the "Board") and authorizes it to license and regulate social workers. *See* TEX. HUM. RES. CODE ANN. §§ 50.004(a), .006 (Vernon Supp. 1999). Unless licensed under the Act, a person may not hold himself or herself out as a social worker or use a title that implies licensure or certification in professional social work services. *Id.* § 50.010. To be eligible for licensure, a person must submit an application stating the person's education, experience and other information required by the Board; be at least eighteen years of age "and worthy of the public trust and confidence," *id.* § 50.013; and have the requisite educational degree. *Id.* §§ 50.015, .017. An eligible applicant must also take an examination administered by the Board. *Id.* § 50.014(a). Upon satisfactory completion of the examination, an applicant may be granted a license as a licensed master social worker, licensed social worker, or a social work associate. *Id.* § 50.014(b).

The licenses expire on staggered dates during the year and may be renewed before the expiration date or within one year of the expiration date simply by paying renewal and examination fees. *Id.* § 50.023(a)-(d). A different procedure must be followed if a license has expired for more than a year, however. Section 50.023(e), which you ask about, requires these licensees to reapply providing as follows:

> If a person's license or certificate or order of recognition has been expired for one year or longer, the person may not renew the license or order of recognition. The person may obtain a new license or order of recognition by *submitting to reexamination, if an examination was originally required*, and complying with the requirements and procedures for obtaining an original license or certificate or order of recognition. However, the board may renew without reexamination an expired license or certificate or order of recognition of a person who was licensed in this state, moved to another state, and is currently licensed or certified and has been in practice in the other state for the two years preceding application. The person must pay to the department a fee that is equal to the examination fee for the license or order of recognition.

TEX. HUM. RES. CODE ANN. § 50.023(e) (emphasis added).

Section 50.023(e) by its plain terms requires a person whose license has expired for a year or longer applying for a new license to submit to an examination only if the person was originally required to take an examination. Like a court, we must give effect to each word and phrase in subsection (e). *See Eddins-Walcher Butane Co. v. Calvert*, 298 S.W.2d 93, 96 (Tex. 1957). Subsection (e) provides that an applicant may obtain a new license "by *submitting to reexamination,*

*if an examination was originally required . . . ."* The emphasized language is clear and unambiguous, and we must ascribe to that language its common everyday meaning. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 80 (Tex. 1997); *see also Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex. 1993) (where language in statute is unambiguous, court must seek legislative intent in plain and common meaning of words and terms used in statute); TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases shall be read in context and construed according to rules of grammar and common usage). The ordinary meaning of "reexamination," is to retake or resubmit to an examination and the term necessarily presupposes the existence of a prior examination. Thus, only an applicant previously subject to an examination, by definition, may be subject to a reexamination. More importantly, the phrase providing that reexamination is required "if an examination was originally required" emphasizes that it is conditioned on a previously required examination. Accordingly, if an examination was not originally required, then a reexamination is not required. Additionally, we have found no indication in the Act or its legislative history that the legislature intended otherwise. Therefore, based on the legislative language, we conclude that section 50.023(e) permits a person originally licensed without an examination, whose license has expired for more than a year, to reapply for a new social work license without an examination.

You have advised us that the Board's "policy has been, if a person allows their license to expire for more than one year, then the person is required to reapply under the rules that are in effect at the time of reapplication" and that "[n]o person has ever been allowed to reapply and be licensed after allowing their license to lapse, to be relicensed without taking an examination which has been required since January 1, 1986." By policy, we understand you to refer to the Board's interpretation as embodied in the relevant Board rule. That rule provides as follows: "On or after one year from the expiration date, a person may no longer renew the license and must reapply by submitting a new application, paying the required fees, and meeting the current requirements for the license including passing the licensure examination." 22 TEX. ADMIN. CODE § 781.504(g). This interpretation is inconsistent with the plain language of the statute. *See Monsanto,* 865 S.W.2d at 939 (where language in statute is unambiguous, court must seek legislative intent in plain and common meaning of words and terms used in statute).

As the agency charged with executing the Act, the Board's construction of the statute is entitled to serious consideration, but only as long as such construction is reasonable and does not contradict the plain language of the statute. *Tarrant County Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex. 1993); *see also* TEX. GOV'T CODE ANN. § 311.023(6) (Vernon 1998). As a general matter, a construction that imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the statutory provisions cannot be upheld. *See, e.g., Railroad Comm'n of Tex. v. ARCO Oil & Gas Co.,* 876 S.W.2d 473, 481 (Tex. App.–Austin 1994, writ denied) (agency rule may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions); *Hollywood Calling v. Public Util. Comm'n of Tex.,* 805 S.W.2d 618, 620 (Tex. App.–Austin 1991, no writ) (same). Specifically, a licensing agency for a business or profession cannot enforce standards that are more burdensome than those of the controlling statute, even though they may be reasonable and may be administered reasonably. *Bloom v. Texas State Bd. of Exam'rs*

*of Psychologists*, 492 S.W.2d 460, 462 (Tex. 1973); *Murphy v. Mittlelstadt*, 199 S.W.2d 478, 481-82 (Tex. 1947); Tex. Att'y Gen. Op. No. JM-650 (1987) at 5. Notwithstanding that the Board's interpretation of section 50.023(e) may be consistent with the Act's general objective of setting high standards for social worker qualifications and protecting the public,[3] it is inconsistent with the plain language of section 50.023(e). The Board's interpretation reads out of the statute the phrase "by *submitting to reexamination, if an examination was originally required*" and gives effect only to the remaining provision, *i.e.*, the language requiring the applicant to comply with the procedures for a new license, including examination. This interpretation imposes the burden of taking an examination on an applicant reapplying for a license who was not originally required to take an examination when the statute plainly exempts such applicant from examination and, thus, is inconsistent with section 50.023(e). Accordingly, we also conclude that the Board's rule on reapplication, to the extent it requires an applicant originally licensed without an examination to take an examination, is invalid. *See Bloom*, 492 S.W.2d at 462; *ARCO*, 876 S.W.2d at 481.

---

[3]*See* TEX. HUM. RES. CODE ANN. § 50.014(a) (Vernon Supp. 1999) ("At least once each calendar year the board shall prepare and administer an examination to determine the qualifications of applicants for licenses under this chapter."); Sunset Commission Recommendations to 68th Legislature (1982) at 19 (noting that the "state generally should only regulate a profession when the unregulated practice can clearly harm or endanger the public," describing tasks commonly performed by social workers, and concluding as follows: "From this description it can be seen that the social worker is often involved in areas in which professional judgment can have significant impact on the well-being of clients. Thus, substantial harm to the public could result from incompetent or unqualified social workers."); *see also* Letter from Helen Fisher, President, National Association of Social Workers, Texas, to Sarah J. Shirley, Chair, Opinion Committee (Aug. 25, 1998) (on file with Opinion Committee) (social workers licensed to protect credibility of profession and to establish safeguards for public; exempting applicant reapplying for license from examination detrimental for profession).

## S U M M A R Y

Section 50.023(e) of the Human Resources Code permits a person originally licensed without an examination whose license has expired for more than a year to reapply for a new social work license without an examination. The Texas State Board of Social Worker Examiners' rule on reapplication, to the extent it requires an applicant originally licensed without an examination to take an examination, is invalid.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Sheela Rai
Assistant Attorney General