**Keith D. LEMONS, Appellant,**

v.

**Oscar WYLIE, Appellee,**

v.

**Jimmy F. DAVIS, Intervenor.**

**No. 8943.**

Court of Civil Appeals of Texas, Amarillo.

March 22, 1978.

Intervenor's and Appellee's Rehearing Denied April 10, 1978.

Ochsner & Baughman, Frank J. Baughman, Amarillo, for appellant.

Moran & Miller, Jack R. Miller, Dimmitt, for appellee.

Brown & Harding, Clifford W. Brown and Ralph H. Brock, Lubbock, for intervenor.

PER CURIAM.

Plaintiff Keith D. Lemons brought suit under Tex.Election Code Ann. art. 1.07 (1967) against Oscar Wylie, Castro County Democratic Chairman, to enjoin Wylie from certifying and placing on the primary ballot the name of Jimmy F. Davis as a candidate for County Attorney. Plaintiff alleged that Davis was ineligible to be a candidate because he did not meet the residence requirements under art. 1.05 of the Election Code. The trial court dismissed for lack of jurisdiction. Reversed and rendered.

Article 1.05 provides that no person shall be eligible to be a candidate in a general primary election for county office unless he has resided in the county for six months next preceding the last day for filing an application for a place on the ballot. It further provides that, in the absence of exceptions not pertinent here, no ineligible candidate shall ever have his name placed on the ballot at any primary election.

Article 1.07 provides that the district court shall have authority to issue writs of

injunction at the suit of any interested party or of any voter to enforce the provisions of art. 1.05 and to protect the rights of all parties and the public. It provides that for such purpose jurisdiction and authority is conferred upon all district courts of this state and that all cases filed thereunder shall have first right of precedence upon trial and appeal.

The relevant facts in the case before us are established as a matter of law. On November 7, 1977, Jimmy F. Davis was appointed to fill a vacancy in the office of County Attorney of Castro County until the next general election. At the time of his appointment Davis was a resident of Lubbock County, Texas. No question regarding the propriety of the appointment is before us. Davis moved to Castro County as soon as the appointment was made. It is undisputed that at the time of the filing deadline for the general primary election he had not been a resident of Castro County for the six month period required to permit his name to be placed on the ballot. Nevertheless on February 6, 1978, Davis filed an application for a place on the primary ballot as a candidate for nomination to the office of County Attorney of Castro County. The application showed on its face that he had not been a resident of Castro County for six months. The County Democratic Chairman stated that he intends to present this application to the County Committee for certification.

Plaintiff Keith D. Lemons has also filed an application for a place on the ballot as a candidate for nomination to the office of County Attorney of Castro County. His right to a place on the ballot has not been contested. Lemons brought this suit under art. 1.07 against Oscar Wylie, Castro County Democratic Chairman, seeking to enjoin Wylie from certifying Jimmy F. Davis or placing the name of Jimmy F. Davis on the Democratic Primary Ballot for election to the unexpired term of County Attorney of Castro County, Texas. Jimmy F. Davis filed a plea in intervention. Plaintiff Lemons filed an amended petition moving to join Davis as a voluntary or an involuntary plaintiff. After hearing evidence the trial court granted the motion to join Jimmy F. Davis as involuntary plaintiff but finding that, since Jimmy F. Davis had declined to become a voluntary plaintiff, the court had no authority to order him to file suit in the matter. The court dismissed plaintiff's suit for lack of jurisdiction.

On appeal defendant Wylie contends that the trial court was correct in refusing to take jurisdiction when the State did not prosecute the matter through its public officers. In this connection we note that Tex.Rev.Civ.Stat.Ann. art. 332b-2 (1977) provides that the County Attorney of Castro County shall represent the State of Texas in all matters pending before the district court in Castro County and the duties of the district attorney in Castro County are invested in the county attorney. Davis has declined to prosecute the suit to keep himself off the ballot. As intervenor, Davis asserts that plaintiff's interest in seeing that an unqualified candidate is not on the ballot is not particular to him, but shared with the general public.

Our courts have held that, regardless of statutory language, a voter having no special interest cannot alone maintain suit in district court to enjoin the placing of the name of an ineligible candidate on the ballot. Such a provision would be unconstitutional. *Allen v. Fisher*, 118 Tex. 38, 9 S.W.2d 731 (1928); *Staples v. State*, 112 Tex. 61, 245 S.W. 639 (1922). For the same reason a defeated candidate who cannot benefit personally from the suit does not have standing to enjoin the certification of a nominee on the basis of the nominee's ineligibility. *Sadler v. Newton*, 541 S.W.2d 194 (Tex.Civ.App.—Austin 1976, mand. overr.); *Allen v. Fisher, supra.* This rationale does not apply to a candidate who has an interest in not being opposed by an ineligible candidate. That interest is separate and apart from that of the general public. *See Gilmore v. Waples*, 108 Tex. 167, 188 S.W. 1037 (Tex.1916); *Adkins v. Rawls*, 182 S.W.2d 509, 512 (Tex.Civ.App.—Waco 1944, no writ).

We conclude that plaintiff had standing to bring the injunction suit under art. 1.07 and that the trial court erred in dismissing the cause for lack of jurisdiction. We accordingly reverse the judgment of the trial court and here render judgment enjoining defendant from certifying Jimmy F. Davis and placing the name of Jimmy F. Davis on the Democratic Primary Ballot for election on May 6, 1978, for the unexpired term of County Attorney of Castro County, Texas. Tex.R.Civ.P. 434.