**Ron COLVIN, Chairman, Ellis County Democratic Party, Appellant,**

**v.**

**ELLIS COUNTY REPUBLICAN EXECUTIVE COMMITTEE, Appellee.**

**No. 10–86–144–CV.**

Court of Appeals of Texas, Waco.

Oct. 30, 1986.

Warwick H. Jenkins, Ronald E. Bunch, Jenkins & Jenkins, P.C., Waxahachie, for appellant.

Frank Finn, Arthur K. Smith, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Plaintiff-Appellant Ron Colvin from the dismissal of his suit against Defendant-Appellee Ellis County Republican Executive Committee. Appellant brought suit to permanently enjoin Appellee "from submitting, certifying, allowing or permitting the candidacy of three Republican candidates in the General Election to be held on November 4, 1986." On July 11, 1986, the trial court dismissed Appellant's suit on grounds that he had "no interest in the subject matter of the lawsuit

that is separate and apart from that of the general public" and had "no standing to bring the suit even in his capacity as Chairman of the Ellis County Democratic Party".

Appellant asserts 1 point of error on appeal:

The trial court erred as a matter of law in dismissing Plaintiff's claim based on the holding and conclusion that Plaintiff, in his capacity as Chairman of the Ellis County Democratic Party, has no interest in the subject matter of the lawsuit that is separate and apart from that of the general public, and therefore, has no standing to bring the suit.

Section 251.018 of the Texas Election Code provides: "Injunctions: The district courts of this state shall have jurisdiction to issue injunctions to enforce the provisions of this code *upon application by any citizen of this state* "[1]. Section 273.081 provides: "Injunction: A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring".

The statute in effect prior to section 251.018 [Art. 1.07 repealed May 24, 1985] provided: "The district court shall have authority to issue writs of injunction ... at the suit of any interested party *or of any voter*[1] to enforce the provisions...."

In interpreting the prior law our courts have held that a "voter" who has no justiciable interest apart from the general public cannot bring such a suit; that the suit must be brought by the State as a suit in quo warranto. *Allen v. Fisher*, 118 Tex. 38, 9 S.W.2d 731; *Blackmon v. Harland*, CA (Tyler) Er. Denied, 656 S.W.2d 239; *Lemons v. Wylie*, CCA (Amarillo) NWH, 563 S.W.2d 882.

The only citizen who has an interest separate and apart from that of the general

---

1. Emphasis added.

public is a candidate who has an interest in not being opposed by an ineligible candidate. *Lemons, supra; Parchman v. Rodriguez,* CCA (Corpus Christi) NWH, 458 S.W.2d 239.

Thus, the only plaintiffs who could bring this case would be the democratic candidates for the offices involved, or the State in quo warranto.

Appellant's point is overruled.

AFFIRMED.