**In re Bob JONES.**

No. 07–98–0283–CV.

Court of Appeals of Texas, Amarillo.

Aug. 26, 1998.

Charles B. Frye, Houston, Ralph H. Brock, Lubbock, for appellant.

Ray Wood & Fine (Randall Buck Wood, Doug W. Ray), Austin, Craig Terrill & Hale (H. Grady Terrill, Eric G. Walraven), Lubbock, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

## PER CURIAM.

In this mandamus proceeding, relator Bob Jones asks this court to compel respondent Marc McDougal, Chairman of the Lubbock County Republican Party to administratively declare the real party in interest, Susan J. Scolaro, ineligible for the office of judge of the County Court at Law No. 1, Lubbock County, thereby removing her name from the ballot in the November 3, 1998 general election. Relator urges that the official records of the Supreme Court of Texas conclusively establish that Scolaro is not eligible to run in the general election because she will not have satisfied the requirement of Section 25.0014(3) of the Government Code that she must have practiced law for the four years preceding the election. We have received a response from attorneys representing both McDougal and Scolaro. For simplicity, we will refer to the arguments made in this response as those of respondent. Although presented in three sections, the response actually presents two arguments. In presenting those arguments, respondent contends that relator Jones does not have standing to bring this action and that mandamus is improper because the relevant facts are disputed. For reasons we later recount, we deny the petition.

Proper consideration of this matter requires that we review the facts as set out in the record. Scolaro was licensed to practice law and admitted to the practice of law and the Texas Bar in November 1984. At her request, she was placed on inactive status on June 14, 1989, pursuant to Section 81.052(c) of the Government Code. By affidavit, she claims to have applied for return to active status and paid her bar dues on August 22, 1994, and that she resumed the practice of law in September 1994. However, by letter dated March 31, 1998, the Clerk of our Supreme Court has stated the she "was reinstated to the active rolls on November 18, 1994 when all reinstatement requirements were met."

On March 10, 1998, Scolaro won the Republican primary for the Lubbock County Court at Law No. 1. When a question was raised about Scolaro's eligibility based on the State Bar records, McDougal requested advice from the Secretary of State. On April 14, the Secretary of State responded with the opinion that McDougal should declare Scolaro ineligible pursuant to Section 145.003 of the Election Code. McDougal declined to make such a declaration and made a second request of the Secretary of State on April 24. In doing so, McDougal cited Scolaro's assertion that she had requested a return to active status on August 22, 1994. He also took the position that the State Bar records showing Scolaro was on inactive status did not preclude the fact that she was actually practicing law for the four years preceding the election.

On June 9, 1998, the Secretary of State responded again. In doing so, he pointed out to McDougal that active membership in the State Bar is a prerequisite to the practice of law in Texas, see Tex. Gov't Code Ann. § 81.053(a) (Vernon Supp.1998) and, in his opinion, any law practice while Scolaro was on inactive status would not satisfy the statutory practice requirement. He maintained his position that based upon the records provided to him, McDougal should declare Scolaro ineligible, but he did note that Section 145.003 of the Election Code authorized McDougal, as the party chairman, to make the determination on whether the records "conclusively" established that Scolaro was ineligible. Again, McDougal declined to declare Scolaro ineligible. On August 12, 1998, Jones filed a declaration of write-in candidacy for judge of County Court at Law No. 1.

The following day, he filed this proceeding in this court.

■ Preliminary to addressing the merits of Jones's petition, we must first determine our jurisdiction to consider the petition and Jones's standing to present the petition. Section 273.061 of the Election Code (Vernon 1986), specifically authorizes the supreme court or a court of appeals to issue a writ of mandamus to compel the performance of a duty imposed by law in connection with the holding of an election or party convention. This authority exists regardless of whether the person responsible for performing the duty is a public officer. *Id.; see also* Tex. Elec.Code Ann. § 161.009 (Vernon 1986). Our courts have followed the rule that challenges to the eligibility of candidates "are matters of public concern, [and] must be prosecuted by the state." *Allen v. Fisher,* 118 Tex. 38, 9 S.W.2d 731, 732 (1928). Status as a citizen or voter is not sufficient to confer standing to bring such a challenge and a statute purporting to grant such a right is in conflict with our constitution and invalid. *Id.* 9 S.W.2d at 732. Another candidate for the same office, however, has an interest in not being opposed by an ineligible candidate that is separate and apart from the interest of the general public. *Lemons v. Wylie,* 563 S.W.2d 882, 883 (Tex.Civ.App.—Amarillo 1978, writ dism'd w.o.j.). This interest is sufficient to confer standing on that candidate. *Id.; see also Colvin v. Ellis Co. Republican Executive Comm.,* 719 S.W.2d 265, 266 (Tex.App.—Waco 1986, no writ) (applying rule under the current Election Code).

■ Without citation of relevant authority, respondent argues that relator lacks standing because he "is not entitled to be on the ballot." We disagree. In *Lemons,* we held that a *candidate* has an interest in not being opposed by an ineligible candidate. 563 S.W.2d at 883. The record indicates that relator has satisfied the requirements for write-in candidates set out in Chapter 146 of the Election Code. Respondent continues by arguing: "[i]t cannot be said that the Legislature has contemplated the effects of allowing standing to write-in candidates as it has not addressed this issue." In fact, the legislature has historically sought an even broader rule of standing. As early as 1919, the legislature provided that "any voter" could seek an injunction to exclude the name of an ineligible candidate from the ballot. Act of February 19, 1919, 36th Leg., R.S., ch. 13, § 1, 1919 Tex. Gen. Laws 17, 18. It was our supreme court that declared that inclusive rule of standing unconstitutional. *Allen,* 9 S.W.2d at 732. Despite the *Allen* holding, in enacting the 1951 Election Code, the legislature again provided for "any voter" to seek an injunction against ineligible candidates. Act of June 28, 1951, 52nd Leg., R.S., ch. 492, § 1, 1952 Tex. Gen. Laws 1097, 1098. When the legislature enacted the current Election Code in 1986, it was presumed to be aware of this court's decision in *Lemons v. Wylie, supra,* holding that "any candidate" had standing in a case of this type. *Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863, 866 (Tex.1975). The legislature's failure to create a narrower rule of standing supports the continued vitality of the rule we stated in *Lemons.* We also disagree with respondent's argument that relator may not prosecute this mandamus action because his candidacy was created for the purpose of bringing this suit. Initially, that would require a factual determination which we may not make. Moreover, the statutes governing the filing for elective office make no distinction between candidates on the basis of their reasons for becoming candidates. Relator has complied with the statutory requirements to become a candidate for the office. We cannot add to those requirements. As a legal candidate for the same office sought by Scolaro, relator has standing to prosecute this action.

Parenthetically, the only entities authorized by statute to bring a *quo warranto* action on behalf of the State to determine a candidate or officeholder's eligibility are the Attorney General, or the District or County Attorney whose jurisdiction includes that particular county. Tex. Civ. Prac. & Rem. Code Ann. § 66.002(a) (Vernon 1997). There is some evidence in the record that both the District Attorney (who also serves as the County Attorney) and Attorney General have declined to bring such an action in this matter.

Mandamus is an extraordinary remedy, available only in limited circumstances. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *State v. Sims,* 871 S.W.2d 259, 261 (Tex.App.—Amarillo 1994, orig. proceeding). A writ of mandamus will issue to compel the performance of a ministerial act. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Id.* The party seeking relief must also show that it has no other adequate remedy by law. *Republican Party of Texas v. Dietz,* 940 S.W.2d 86, 88 (Tex. 1997). In a case involving a public officer over which the court of appeals has mandamus power, that court makes an independent inquiry whether the act, or refusal to act, of the public officer is contrary to a clearly established legal duty. *Strake v. First Court of Appeals,* 704 S.W.2d 746, 747 (Tex.1986). An appellate court may not resolve factual disputes in an original mandamus proceeding. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990).

We initially find that Jones has no other adequate remedy. The officers empowered to bring suit in the nature of *quo warranto* have declined to do so. As a candidate, Jones may bring an election contest as provided by Chapter 232 of the Election Code. Tex. Elec.Code Ann. § 232.002 (Vernon 1986). However, such a contest may only be brought the day after the election has occurred. Tex. Elec.Code Ann. § 232.008(a) (Vernon 1986). Thus, Jones has no adequate remedy by *quo warranto* or by an election contest.

Section 25.0014(3) of the Government Code requires that the judge of a statutory county court must:

(3) be a licensed attorney in this state who has practiced law or served as a judge of a court in this state, or both combined, for the four years preceding election or appointment unless otherwise provided by law.

Tex. Gov't Code Ann. § 25.0014(3) (Vernon Supp.1998). There is no contention that another law exempts the candidates involved in this action from the practice requirements of this section. The standards for an administrative declaration of ineligibility by a party officer such as McDougal are set out in Section 145.003 of the Election Code. As relevant here, that section provides:

(b) a candidate in the general election for state and county officers may be declared ineligible before the 30th day preceding election day by:

(1) the party officer responsible for certifying the candidate's name for placement on the general election ballot,

\* \* \*

(f) A candidate may be declared ineligible only if:

(1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or

(2) facts indicating that the candidate is ineligible are conclusively established by another public record.

(g) When presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority shall promptly review the record. If the authority determines that the record establishes ineligibility as provided by Subsection (f), the authority shall declare the candidate ineligible.

Tex. Elec.Code Ann. § 145.003 (Vernon 1986 & Supp.1998).

The broad question before us is whether the public records presented to McDougal conclusively establish Scolaro's ineligibility. If they do, the mandatory language "shall" in subsection (g) makes McDougal's duty ministerial and the failure to perform that duty is subject to mandamus. Because the Secretary of State was correct in observing that the practice of law requirement of Section 25.0014(3) can only be satisfied when that practice is conducted in conformity with the other statutes governing the practice of law,[1]

---

1. Section 81.053(a) of the Government Code pro-

hibits a member on inactive status from practic-

if proper public records conclusively show that Scolaro does not meet the four-year practice requirement, it is of no consequence that those records show she would only be 15 days short of fulfilling the four-year practice requirement. For example, in *Sears v. Bayoud*, 786 S.W.2d 248 (Tex.1990), our supreme court held that a gap of as little as four days in qualification could not be ignored. *Id.* at 250.

█ The question dispositive of this action is whether McDougal must accept the date that the clerk stated that the records in his custody show Scolaro was reinstated to its active rolls as conclusive. In determining this question, we must bear in mind that statute's bias against evidence showing that a candidate is ineligible by requiring that evidence to be conclusive, is supported by the public policy against declaring candidates for public office ineligible.[2] *Willis v. Potts*, 377 S.W.2d 622, 623 (Tex.1964).

The parties have failed to cite, and we have not uncovered, any cases involving an attorney seeking to return to active status as a member of the bar after having been on inactive status. The absence of authority requires that our analysis focus on the relevant statutes. Section 81.052 of the Government Code provides that bar membership is one of four classes: active, inactive, emeritus, or associate. Only the active and inactive classes are relevant here.

An inactive member is one who is eligible for active membership but does not practice law in this state and has requested enrollment as an inactive member. Tex. Gov't Code Ann. § 81.053(A) (Vernon 1988). A member's return to active status is governed by section 81.052(d) which provides: "[a]n inactive member at his request may become an active member on application and payment of fees." This provision is mirrored in article III, section 7 of the State Bar Rules. Subsection C of the rule provides "an inactive member may return to active status

upon written application to the clerk and payment of fees for the current year." Neither the State Bar Act, Tex. Gov't Code Ann. §§ 81.001–105 (Vernon 1988), nor the State Bar Rules provide any authority or standards for the review of such an application. In an analogous circumstance, involving the renewal of a license to operate a beauty culture school, our supreme court held that the absence of any specified method and specific terms for renewal, as well as a failure to define the licensing authority's discretion in granting or refusing a renewal, supported the conclusion that the holder was entitled to renewal upon satisfaction of the statutory requirements and the agency had no authority to refuse renewal. *Murphy v. Mittelstadt*, 145 Tex. 451, 199 S.W.2d 478, 481 (1947). That reasoning is applicable here, and mandates the conclusion that the act of recording a member's change in status is a ministerial act.

Additionally, neither the statutes nor the rules permit the clerk or the bar to impose additional requirements for a return to active status. In that connection, both parties have identified a document published by the State Bar and, as far as this record shows, only available in electronic format, stating that members on inactive status seeking to return to active status "must [p]rovide a statement certifying that he/she has not practiced law in Texas during the fiscal period or periods he/she was an inactive member."[3] However, because this requirement is not imposed by statute or rule, a failure to supply the statement itself would not bar Scolaro's reinstatement as an active member of the bar.

█ As we have noted, the only requirements under § 81.052(d) for the change in membership from inactive to active status are 1) the inactive member's application and 2) the payment of required fees. Because the statute does not provide that restoration to active membership is subject to any discretion or determination by the clerk or the

---

ing law. Tex. Gov't Code Ann. § 81.053(a) (Vernon Supp.1998).

**2.** The disfavor with which administrative declarations of ineligibility are viewed is also illustrated by comparing the language of Section 145.003(f) with that of Section 145.002(a). While Section 145.003(f) requires evidence of

ineligibility to be "conclusive," under section 145.002(a), removal of a candidate's name from the ballot based upon evidence of his death need only be supported by "reliable" information.

**3.** At the time of this opinion, this document was available at: <http://www.texasbar.com/Member_Services/membership_info_4.html>.

bar, we hold that when an inactive member sends an application for a change from inactive membership status and pays the required fees, that change in membership is effective, ipso facto, upon receipt of the application and payment to the bar. Because the bar records and supreme court records do not reflect when the application for membership change and payment of fees were received, we may consider, for the purposes of the proceeding before us, the member's affidavit that she mailed the request and sent the required fees to the State Bar. Thus, a question of fact exists regarding the date the application and payment of fees was received, which precludes the granting of mandamus relief. Additionally, we have noted that attached to the clerk's letter is a payment record which shows that on November 18, 1994, Scolaro was "reinstated to the active rolls for '94," which relator acknowledges, is a part of the official record. We judicially note that the State Bar fiscal year begins on June 1. Therefore, the clerk's statement that Scolaro "was reinstated to the active rolls on November 18, 1994," is not conclusive as to the effective date of the reinstatement. Consequently, McDougal's failure to administratively declare Scolaro ineligible was not a failure to perform a ministerial duty and mandamus will not issue.

Our conviction that there are fact questions that must necessarily be resolved is strengthened by the fact that the Texas Supreme Court has consistently directed that the diligent should not be penalized because of the errors or omissions of others. *Davis v. Taylor*, 930 S.W.2d 581, 583 (Tex.1996) (refusing to strictly adhere to a statutory deadline when a candidate for office "faces elimination from a race because of an election official's failure to perform a non-discretionary duty through no fault of the candidate's"); and *Biffle v. Morton Rubber Indus., Inc.*, 785 S.W.2d 143, 144 (Tex.1990) (involving the filing of documents with a court clerk). Our holding that the reactivation occurs upon the attorney's satisfaction of the prerequisites set out in § 81.052(d) of the

Government Code in the manner specified in article III, section 7(C) of the State Bar Rules represents an application of that concept here. To hold otherwise would be to place an attorney at risk of being penalized for any negligence or oversight by the State Bar in recording the action.

It merits repetition that the only issue before this court is whether the official records relied upon by relator conclusively established Scolaro's ineligibility. Our holding that they did not do so should not be considered as a final holding that Scolaro is eligible to hold the office she seeks. That determination would require the resolution of factual questions after an evidentiary hearing on the issue of when Scolaro made application for return to active status and paid the required fees. Not only is this court prohibited from resolving such factual disputes, the record is not sufficiently developed to permit such a resolution.[4]

For the reasons stated, we must, and do, deny relator's petition. Because of the proximity of the necessary preparations for ballots to be used in the November election, no motion for rehearing will be entertained. Tex.R.App. P. 49.4.

---

4. For example, because generally the tender of a check or other draft is not "payment" in the legal sense until paid by the drawee bank, *see Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), the absence of any evidence on that issue precludes a finding that the required fees were paid when Scolaro delivered a check or money order to the clerk.