NO. 07-02-0074-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 11, 2002



______________________________




IN RE: DANNIE LEE MITCHELL



_________________________________



ORIGINAL PROCEEDING


_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Relator Dannie Lee Mitchell seeks issuance of a writ of mandamus directed to
respondent, the Honorable Bradley S. Underwood, Judge of the 364th District Court of
Lubbock County, directing respondent to set aside relator's judgment of conviction for
robbery. We deny the application for writ.

 Relator's application for writ of mandamus alleges that he was indicted on or about
January 11, 1993, for robbery, and that pursuant to a plea bargain he was found guilty and
sentenced to 25 years in the Texas Department of Corrections on January 19, 1993. The
application further alleges, in part, that (1) relator received ineffective assistance of
counsel from his court-appointed attorney in connection with his plea bargain because
relator's appointed counsel made only a pro forma appearance and relator thus effectively
received no assistance of counsel at the plea proceedings, (2) respondent signed a
document appointing the attorney who attended appellant's plea proceedings by mistake,
(3) respondent has the power to correct the judgment of conviction after the trial court lost
plenary power over the judgment because the mistaken appointment of counsel for
appellant was a clerical error when respondent had no intention of appointing counsel for
appellant, (4) respondent's actions denied relator his right to counsel, and (5) relator did
not knowingly and intelligently waive his right to counsel. Relator prays that this court
direct respondent "to grant motion for nunc pro tunc, and set aside/dismissal [sic] of said
cause that relator is incarcerated for."

 A writ of mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or the violation of a duty imposed by law when there is no other
adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305
(Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 840-44 (Tex. 1992). To establish an
abuse of discretion, the complaining party must demonstrate that the trial court acted
unreasonably, arbitrarily, or without reference to guiding rules and principles. See Downer
v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985). It is the relator's burden
to show entitlement to the relief being requested, see generally Johnson v. Fourth District
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding), and that relator has
no adequate remedy at law. See In re Nolo Press/Folk Law Inc., 991 S.W.2d 768, 776
(Tex. 1999). If relator's asserted error is reviewable via a habeas corpus proceeding, then
a legal remedy is available and mandamus will not lie. See Tex. Crim. Proc. Code Ann.
art. 11.07 (Vernon 2002); Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243
(Tex.Crim.App. 1991). Relator must file with the petition a certified sworn copy of every
document that is material to the relator's claim for relief and that was filed in any
underlying proceeding and a properly authenticated transcript of any relevant testimony
from any underlying proceeding including any exhibits offered in evidence, or a statement
that no testimony was adduced in connection with the matter about which complaint is
made. Tex. R. App. P. 52.7(a). An appellate court may not resolve factual disputes in an
original mandamus proceeding. See Brady v. Fourteenth Court of Appeals, 795 S.W.2d
712, 714 (Tex.1990); In re Jones, 978 S.W.2d 648, 652 (Tex.App.--Amarillo 1998, orig.
proceeding). 

 According to well established principles, we are unable to grant relief based on
relator's petition for several reasons. We set out some of those reasons hereafter. 

 The allegations that respondent mistakenly appointed counsel for appellant and that
appointed counsel rendered ineffective assistance involve the resolution of factual
questions. See, e.g., Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994) (a
defendant asserting ineffective assistance must present a record with evidence proving
the alleged ineffective assistance and a silent record does not present such proof); Ex
parte Morrow, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997), citing Hill v. Lockhart, 474 U.S.
52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (when a defendant contends that his counsel
was ineffective and thereby challenges the voluntariness of a plea entered upon the advice
of counsel, the voluntariness of the plea is determined by (1) whether, in giving the advice,
counsel conducted himself within the range of competence required of attorneys in criminal
cases and if not, (2) whether a reasonable probability exists that, but for counsel's errors,
the defendant would not have entered the plea, but would have insisted on going to trial). 
And, we may not resolve factual questions via a mandamus proceeding. See Brady, 795
S.W.2d at 714. Moreover, relator (1) has not provided a record of the plea proceedings
even if we could resolve factual disputes, see Johnson, 700 S.W.2d at 917; (2) has not
averred that no testimony was taken at the plea proceeding, see TRAP 52.7(a); (3) has not
presented documents demonstrating that his request for entry of a nunc pro tunc judgment
has been presented to respondent, see id; and (4) has the legal remedy of habeas corpus
available. See Ater, 802 S.W.2d at 243. 

 Accordingly, we conclude that relator's petition for a writ of mandamus directing
respondent to enter a nunc pro tunc dismissal of the judgment of conviction must be and
is denied. 


 Phil Johnson

 Justice


Do not publish.