NO. 07-02-0074-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 11, 2002

_____

IN RE: DANNIE LEE MITCHELL

_____

ORIGINAL PROCEEDING
_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Relator Dannie Lee Mitchell seeks issuance of a writ of mandamus directed to respondent, the Honorable Bradley S. Underwood, Judge of the 364th District Court of Lubbock County, directing respondent to set aside relator's judgment of conviction for robbery. We deny the application for writ.

Relator's application for writ of mandamus alleges that he was indicted on or about January 11, 1993, for robbery, and that pursuant to a plea bargain he was found guilty and sentenced to 25 years in the Texas Department of Corrections on January 19, 1993. The application further alleges, in part, that (1) relator received ineffective assistance of counsel from his court-appointed attorney in connection with his plea bargain because relator's appointed counsel made only a pro forma appearance and relator thus effectively

received no assistance of counsel at the plea proceedings, (2) respondent signed a document appointing the attorney who attended appellant's plea proceedings by mistake, (3) respondent has the power to correct the judgment of conviction after the trial court lost plenary power over the judgment because the mistaken appointment of counsel for appellant was a clerical error when respondent had no intention of appointing counsel for appellant, (4) respondent's actions denied relator his right to counsel, and (5) relator did not knowingly and intelligently waive his right to counsel. Relator prays that this court direct respondent "to grant motion for nunc pro tunc, and set aside/dismissal [sic] of said cause that relator is incarcerated for."

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 840-44 (Tex. 1992). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. See Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985). It is the relator's burden to show entitlement to the relief being requested, see generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding), and that relator has no adequate remedy at law. See In re Nolo Press/Folk Law Inc., 991 S.W.2d 768, 776 (Tex. 1999). If relator's asserted error is reviewable via a habeas corpus proceeding, then a legal remedy is available and mandamus will not lie. See Tex. Crim. Proc. Code Ann.

2

art. 11.07 (Vernon 2002); <u>Ater v. Eighth Court of Appeals</u>, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991). Relator must file with the petition a certified sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter about which complaint is made. TEX. R. APP. P. 52.7(a). An appellate court may not resolve factual disputes in an original mandamus proceeding. See <u>Brady v. Fourteenth Court of Appeals</u>, 795 S.W.2d 712, 714 (Tex.1990); <u>In re Jones</u>, 978 S.W.2d 648, 652 (Tex.App.--Amarillo 1998, orig. proceeding).

According to well established principles, we are unable to grant relief based on relator's petition for several reasons. We set out some of those reasons hereafter.

The allegations that respondent mistakenly appointed counsel for appellant and that appointed counsel rendered ineffective assistance involve the resolution of factual questions. See, <u>e.g.</u>, <u>Jackson v. State</u>, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994) (a defendant asserting ineffective assistance must present a record with evidence proving the alleged ineffective assistance and a silent record does not present such proof); <u>Ex parte Morrow</u>, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997), <u>citing</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (when a defendant contends that his counsel was ineffective and thereby challenges the voluntariness of a plea entered upon the advice of counsel, the voluntariness of the plea is determined by (1) whether, in giving the advice,

3

counsel conducted himself within the range of competence required of attorneys in criminal cases and if not, (2) whether a reasonable probability exists that, but for counsel's errors, the defendant would not have entered the plea, but would have insisted on going to trial). And, we may not resolve factual questions via a mandamus proceeding. See Brady, 795 S.W.2d at 714. Moreover, relator (1) has not provided a record of the plea proceedings even if we could resolve factual disputes, see Johnson, 700 S.W.2d at 917; (2) has not averred that no testimony was taken at the plea proceeding, see TRAP 52.7(a); (3) has not presented documents demonstrating that his request for entry of a nunc pro tunc judgment has been presented to respondent, see id; and (4) has the legal remedy of habeas corpus available. See Ater, 802 S.W.2d at 243.

Accordingly, we conclude that relator's petition for a writ of mandamus directing respondent to enter a nunc pro tunc dismissal of the judgment of conviction must be and is denied.

Phil Johnson
Justice

Do not publish.

4