NO. 07-04-0362-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 20, 2006



______________________________




JESSE BRYAN SMITH AND THE SALVATION ARMY, APPELLANTS



V.



OTIS M. SCOTT, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 90,718-A; HONORABLE BRIAN POFF, JUDGE



_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.



ON MOTION FOR REHEARING




 Remaining convinced that our original disposition is correct, we overrule appellants'
motion for rehearing and deny their request for en banc reconsideration with these
additional comments.

 Citing King v. Skelly, 452 S.W.2d 691 (Tex. 1970), appellants renew their contention
that Scott's evidence is legally and factually insufficient to support an award of $150,000
for loss of earning capacity, both past and future. However, King is not controlling here for
two reasons. First, King only pertains to that evidence sufficient to prove loss of future
earning capacity. See id. at 691-94; Skelly v. King, 443 S.W.2d 953, 957-58 (Tex. 1969)
(explaining that a special exception to the pleadings "limited the damage issue to future
loss of earning capacity, if any.") (1) Therefore, it does not instruct us regarding the type of
evidence required to prove loss of earning capacity in the past.

 Second, appellants' reliance on King regarding the award for loss of future earning
capacity is misplaced. King holds that where a self-employed plaintiff derives his profits
from multiple sources, the profits cannot be considered as a true measure of the plaintiff's
own personal earning capacity. King, 452 S.W.2d at 694. However, in the present case,
Scott's testimony regarding his diminished income the year following the accident was
admitted without objection. Appellants' failure to request an instruction to segregate or limit
the evidence to specific issues, or to include a similar instruction in the charge, allowed the
jury to consider the evidence for all purposes, and any error is waived. See Green Int'l,
Inc. v. Solis, 951 S.W.2d 384, 389 (Tex. 1997); In re K.S., 76 S.W.3d 36, 40
(Tex.App.-Amarillo 2002, no pet.). See also Tex. R. Civ. P. 274; Tex. R. Evid. 105(a). (2)

 Appellants also contend the evidence supporting the award for loss of future earning
capacity relates only to the loss of earning capacity in the past. However, to prove
damages for loss of future earning capacity, Scott may introduce evidence of past earnings
and his ability to work in light of his injury. See Tagle v. Galvan, 155 S.W.3d 510, 519
(Tex.App.-San Antonio 2004, no pet.); Plainview Motels, Inc. v. Reynolds, 127 S.W.3d 21,
35-36 (Tex.App.-Tyler 2003, pet. denied). Furthermore, an award can be based on a
composite of factors that may affect a person's capacity to earn a living. E.g., Plainview,
127 S.W.3d at 36; Metropolitan Life Ins. Co. v. Haney, 987 S.W.2d 236, 244
(Tex.App.-Houston [14th Dist.] 1999, pet. denied). 

 Accordingly, appellants' motion for rehearing is overruled.


 Don H. Reavis

 Justice



Campbell, J., concurring.
1. King did not challenge the trial court's order sustaining the special exception on
appeal.
2. Rule 105(a) requiring a request for limiting instruction where evidence is received
did not become effective until September 1, 1983 and thus, was not available to the parties
when King was decided. 



rline">Brady v. Fourteenth Court of Appeals, 795 S.W.2d
712, 714 (Tex.1990); In re Jones, 978 S.W.2d 648, 652 (Tex.App.--Amarillo 1998, orig.
proceeding). 

 According to well established principles, we are unable to grant relief based on
relator's petition for several reasons. We set out some of those reasons hereafter. 

 The allegations that respondent mistakenly appointed counsel for appellant and that
appointed counsel rendered ineffective assistance involve the resolution of factual
questions. See, e.g., Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994) (a
defendant asserting ineffective assistance must present a record with evidence proving
the alleged ineffective assistance and a silent record does not present such proof); Ex
parte Morrow, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997), citing Hill v. Lockhart, 474 U.S.
52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (when a defendant contends that his counsel
was ineffective and thereby challenges the voluntariness of a plea entered upon the advice
of counsel, the voluntariness of the plea is determined by (1) whether, in giving the advice,
counsel conducted himself within the range of competence required of attorneys in criminal
cases and if not, (2) whether a reasonable probability exists that, but for counsel's errors,
the defendant would not have entered the plea, but would have insisted on going to trial). 
And, we may not resolve factual questions via a mandamus proceeding. See Brady, 795
S.W.2d at 714. Moreover, relator (1) has not provided a record of the plea proceedings
even if we could resolve factual disputes, see Johnson, 700 S.W.2d at 917; (2) has not
averred that no testimony was taken at the plea proceeding, see TRAP 52.7(a); (3) has not
presented documents demonstrating that his request for entry of a nunc pro tunc judgment
has been presented to respondent, see id; and (4) has the legal remedy of habeas corpus
available. See Ater, 802 S.W.2d at 243. 

 Accordingly, we conclude that relator's petition for a writ of mandamus directing
respondent to enter a nunc pro tunc dismissal of the judgment of conviction must be and
is denied. 


 Phil Johnson

 Justice


Do not publish.