TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00592-CV






Appellant, Greg Abbott, Attorney General of Texas // Cross-Appellant, State Bar of Texas


v.


Appellee, State Bar of Texas// Cross-Appellee, Attorney General of Texas






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. D-1-GV-04-003520, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING






O P I N I O N



 This appeal concerns an open records request to the State Bar of Texas to disclose
personal information about an attorney licensed by the Texas Supreme Court, including
the attorney's name, home address, home telephone number, date of birth, and an internal database
identifier number used by the State Bar. (1) The State Bar objected to disclosing this personal
information and sought declaratory relief from the district court that the information was not subject
to disclosure under the Texas Public Information Act. On cross-motions for summary judgment,
the district court ruled that (1) the information requested is not maintained for the judiciary
and, therefore, is subject to the provisions of the Public Information Act, and (2) the requested
information is confidential and, therefore, excepted from disclosure under the terms of the Public
Information Act. See Tex. Gov't Code Ann. § 552.101 (West 2004). Both parties appealed. The
State Bar contends that the district court erred in finding that access to the requested information is
governed by the Public Information Act, as opposed to Rule 12 of the Rules of Judicial
Administration, because the information is maintained by the State Bar for the judiciary. See
Tex. Gov't Code Ann. § 552.0035 (West 2004). The Attorney General contends that the district
court erred in finding that the information is confidential under the Public Information Act and, thus,
exempt from disclosure under the Act. We conclude as a matter of law that the State Bar maintains
the requested information for the judiciary and, therefore, the request for information is not governed
by the Public Information Act. Rather, the request is governed by "rules adopted by the Supreme
Court of Texas or by other applicable laws and rules." Accordingly, we reverse the judgment of the
district court and remand this cause for further proceedings.


Factual and Procedural Background

 On July 12, 2004, a private citizen sent an open records request to the State Bar
seeking, among other information, the home address, telephone number, date of birth, and internal
identification number (2) of an attorney licensed by the Texas Supreme Court. The State Bar objected
to disclosing this information and sought an open records ruling from the Attorney General arguing
that the information was maintained by the State Bar for the judiciary and, therefore, not subject to
the Public Information Act, or alternatively, that such "personally identifiable information"
was confidential and excepted from disclosure under section 552.101 of the Public Information Act. 
See Tex. Gov't Code Ann. § 552.101. (3) On October 8, 2004, the Attorney General issued letter ruling
OR2004-8551, opining that the requested information was subject to the Public Information Act
and that the State Bar may not withhold the requested information as confidential under section
552.101 of the Act.

 The State Bar filed the underlying declaratory judgment action against the Attorney
General challenging the opinion in letter ruling OR2004-8551. The State Bar then filed a motion
for summary judgment arguing that the Public Information Act does not govern access to the
requested information because the information is maintained by the State Bar for the judiciary, and
alternatively, that if the Public Information Act applies, the information is confidential and excepted
from disclosure under the Act. The Attorney General responded with a cross-motion for summary
judgment arguing that the requested information is subject to the Public Information Act and is not
confidential under section 552.101 as a matter of law.

 After hearing the cross-motions for summary judgment and supplemental filings by
the parties, the court entered a final judgment (1) denying the State Bar's motion for summary
judgment seeking a declaration that the requested information is not subject to the Public
Information Act on the basis that it is maintained for the judiciary; (2) granting in part the Attorney
General's motion for summary judgment that the requested information is subject to the Public
Information Act "except for that part entitled '[Public Information Act] Sec[tion] 552.101 Has No
Applicability to the Bar's Membership Records,'" which was denied; and (3) granting the State Bar's
alternative request in its motion for summary judgment that the requested information is confidential
under the Public Information Act, and therefore, exempt from disclosure. In short, the district court
concluded that the requested information was subject to the Public Information Act but protected
from disclosure by the confidentiality provisions of section 552.101.

 On appeal, the Attorney General argues that the district court erred by denying the
part of his motion for summary judgment concerning the applicability of section 552.101 and by
granting the State Bar's motion for summary judgment on that issue. He asks this Court to render
judgment that the requested information is not confidential under section 552.101 of the Public
Information Act and is subject to disclosure. The State Bar, on the other hand, argues that the district
court erred in denying its motion for summary judgment on the issue of whether the requested
information is subject to disclosure or nondisclosure pursuant to the provisions of the Public
Information Act. The State Bar asks this Court to render judgment that it maintains its membership
records "for the judiciary" such that under section 552.0035 of the Public Information Act, access
to the requested information is governed by Rule 12 of the Rules of Judicial Administration as
opposed to the Public Information Act. (4)


Standard of Review

 We review the summary judgment de novo. Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 156 (Tex. 2004). The standards for reviewing a summary judgment are well
established: (1) the movant must demonstrate that there is no genuine issue of material fact and that
it is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact
exists that would preclude summary judgment, we take all evidence favorable to the non-movant as
true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the
non-movant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). When, as here,
both parties file motions for summary judgment and the court denies both in part and grants both in
part, we must review the summary judgment evidence presented by both sides, decide all questions
presented, and render the judgment that the trial court should have rendered. See City of Garland
v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex. 2000). Whether information is subject to the
Public Information Act and whether an exception to disclosure applies to the information are
questions of law. Id. (citing A & T Consultants, Inc. v. Sharp, 904 S.W.2d 668, 674 (Tex. 1995)).


Application of the Public Information Act

 The purpose of the Public Information Act is to provide public access "to complete
information about the affairs of the government and the official acts of public officials and
employees." Tex. Gov't Code Ann. § 552.001 (West 2004). The Act applies to any information
"that is collected, assembled, or maintained under a law or ordinance or in connection with the
transaction of official business: (1) by a governmental body; or (2) for a governmental body and the
governmental body owns the information or has a right of access to it." Id. § 552.002 (West 2004). 
Neither the State Bar nor the judiciary is included in the Public Information Act's definition of
"governmental body." See id. § 552.003 (West 2004). However, the State Bar Act, located in
chapter 81 of the government code, provides that "all records of the state bar . . . are subject to
Chapter 552 [Public Information Act]." Id. § 81.033 (West 2005). Therefore, we look to Chapter
552 for direction on how to address requests for access to State Bar records.

 Section 552.0035 of the Public Information Act provides that "access to information
collected, assembled, or maintained by or for the judiciary is governed by the rules adopted by the
Supreme Court of Texas or by other applicable laws and rules." Id. § 552.0035. This provision must
be read in harmony with section 81.033 of the State Bar Act. Section 81.033 directs us to chapter
552 (the Public Information Act) for rules governing disclosure of State Bar records. Section
552.0035 further refines statutory direction for disclosure of certain portions of the State Bar's
records. Specifically, under the terms of section 552.0035, if the State Bar collects, assembles, or
maintains any information for the judiciary, public access to that information is governed by laws
and rules other than the Act, i.e., the rules promulgated by the supreme court governing access to the
records of the judiciary or "other applicable laws and rules." We must decide in this appeal whether
the information requested from the records of the State Bar at issue in this case--an attorney's home
address, home telephone number, date of birth, and the State Bar's internal database identifier
number--is "information collected, assembled, or maintained for the judiciary." Id.

 The State Bar is an administrative agency of the judicial department of the
government. Id. § 81.011 (West 2005). The Supreme Court of Texas, on behalf of the judicial
department, exercises administrative control over the State Bar. Id. Under the State Bar Rules,
which are promulgated by the Texas Supreme Court, each person who becomes licensed to practice
law must enroll in the State Bar. Tex. State Bar R. art. III, § 2, reprinted in Tex. Gov't Code Ann.,
tit. 2, subtit. G app. A (West 2005). To enroll in the State Bar, each person must file with the clerk
of the Texas Supreme Court an enrollment form stating their name, permanent place of residence,
principal place of practice, and such other information as may be required by the clerk. See id. Upon
receiving this information plus certain required fees, the clerk enters that person's name on the
membership rolls and issues an appropriate membership card. See Tex. State Bar R. art. III, § 4. Although membership in the State Bar is a requirement for attorneys licensed to
practice law in Texas, the Texas Supreme Court has the exclusive and nondelegable authority to
issue licenses to practice law in this state. See Tex. Gov't Code Ann. § 82.021 (West 2005). Under
the State Bar Act, which was enacted in aid of the judicial department's powers under the
constitution to regulate the practice of law, the executive director of the State Bar "shall maintain
the membership files [of the State Bar] and shall confer with the clerk of the supreme court as to
the maintenance of those files." Tex. Gov't Code Ann. §§ 81.011, .029 (West 2005). Neither the
officers and directors of the State Bar nor the clerk of the Texas Supreme Court have discretion
to change the membership status of licensed attorneys who are members of the State Bar. See In re
Jones, 978 S.W.2d 648, 653 (Tex. App.--Amarillo 1998, no pet.). Thus, gathering information from
individuals to enroll them as members of the State Bar and recording changes in individuals'
membership status are ministerial acts performed by the State Bar and the clerk of the Texas
Supreme Court on behalf of the Texas Supreme Court. See id.

 This statutory scheme requires the clerk of the Texas Supreme Court to collect, and
the State Bar to maintain, information about licensed attorneys in the State Bar's membership
records for the Texas Supreme Court. This information and the records containing the information
are ultimately the responsibility of and under the control of the Texas Supreme Court. Thus, we
conclude that the information requested from the State Bar and at issue in this case falls within the
purview of section 552.0035 as "information collected, assembled, or maintained by or for the
judiciary." Tex. Gov't Code Ann. § 552.0035. Accordingly, under section 552.0035, public access
to this information is not governed by chapter 552, but "by rules adopted by the Texas Supreme
Court or by other applicable laws and rules." Id.


Rule 12 of the Rules of Judicial Administration

 The State Bar contends that public access to the requested information is governed
by Rule 12 of the Rules of Judicial Administration and that the trial court erred in failing to grant
a declaration to this effect. (5) The Attorney General argues that Rule 12 does not govern access to the
information requested in this case as a matter of law because section 81.033 of the government code
provides that all records of the State Bar are subject to the Public Information Act and because Rule
12 provides that it does not apply to records or information to which access is controlled by the Act. 
See Tex. R. Jud. Admin 12.3(a)(4).

 Whether or to what extent Rule 12 applies to the information at issue in this case will
be determined pursuant to the procedures set forth in Rule 12 based on an inquiry made pursuant to
Rule 12. Our holding that access to the information at issue in this case is not governed by the
Public Information Act, but by "rules adopted by the Supreme Court of Texas or by other applicable
laws and rules" pursuant to section 552.0035 is dispositive of this case.


Conclusion

 We conclude that public access to an attorney's home address, home telephone
number, date of birth, and internal database identifier number maintained by the State Bar is not
governed by the Public Information Act pursuant to the provisions of section 552.0035. Rather,
access to such information is governed by rules adopted by the Supreme Court of Texas or by other
applicable laws and rules. Accordingly, we reverse the judgment of the district court and remand
this cause for further proceedings consistent with this opinion.



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Reversed and Remanded

Filed: August 31, 2007
1. It is undisputed that the requested information is contained in records maintained by the
State Bar.
2. The State Bar assigns "internal identification numbers" to every attorney licensed by the
Texas Supreme Court. It uses these numbers to access and maintain files on individual attorneys in
a computer database. This identification number is unique to the State Bar's database and used only
as a tool for storing and accessing information in that database.
3. The Public Information Act specifically excepts certain public information from required
disclosure. See Tex. Gov't Code Ann. §§ 552.101-.123 (West 2004 & Supp. 2006). Section
552.101, entitled "Exception: Confidential Information," provides:


 Information is excepted from the requirements of Section 552.021 if it is information
considered to be confidential by law, either constitutional, statutory, or by judicial
decision.


Tex. Gov't Code Ann. § 552.101 (West 2004).
4. Section 552.0035 of the Texas Public Information Act, entitled "Access to Information of
Judiciary," provides:


 (a) Access to information collected, assembled, or maintained by or for the judiciary
is governed by rules adopted by the Supreme Court of Texas or by other applicable
laws and rules.

 

 (b) This section does not address whether information is considered to be information
collected, assembled, or maintained by or for the judiciary.


Tex. Gov't Code Ann. § 552.0035 (West 2004).
5. The Rules of Judicial Administration are promulgated by the Texas Supreme Court for
the operation and management of the court system and for the efficient administration of justice. 
Tex. Gov't Code Ann. § 74.024 (West 2005). Rule 12 of the Rules of Judicial Administration is
entitled "Public Access to Judicial Records," and it provides that "the purpose of this rule is to
provide public access to the information in the judiciary consistent with the mandates of the Texas
Constitution that the public interests are best served by open courts and by an independent judiciary." 
Tex. R. Jud. Admin. 12.1. The rule governs access to "judicial records," which are defined as
records "made or maintained by or for a court or judicial agency in its regular course of business but
not pertaining to its adjudicative function . . . ." Id. 12.2(d).