**CHILD WORLD d/b/a Children's Palace, Inc.; Cole National Corporation, d/b/a Children's Palace, Inc. and Children's Palace, Relators,**

v.

**Honorable Peter S. SOLITO, Judge, 164th Judicial District, Respondent.**

**No. B14–89–719–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 7, 1989.

Michael C. Hurley, Dennis Jones, Houston, for appellant.

Jim S. Adler, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

In this original proceeding, relators urge us to issue a writ of mandamus to the Honorable Peter S. Solito directing him to set aside a discovery order entered in cause No. 89–010923. On August 24, 1988, we granted leave to file petition for writ of mandamus. We now conditionally grant the writ.

Real party in interest asserts Child World lacks standing to jointly seek mandamus relief with Cole National because no discovery requests were directed at Child World. One maintaining a mandamus proceeding must show he has a justiciable interest in the subject matter of the litigation. *Porth v. Currie*, 613 S.W.2d 534, 538 (Tex.Civ.App.—Tyler 1981, no writ). Child World and Cole National are co-defendants in the underlying cause of action and are co-insureds under the carrier who prepared the document in issue. This original proceeding results from ongoing litigation in which Child World clearly has a justiciable interest. Accordingly, we find Child World has a justiciable interest and standing to seek joint mandamus relief.

On April 22, 1987, Mohammed Taravosh–Lahn, the real party in interest, slipped and fell in Children's Palace. One year and eleven months after the accident, on March 15, 1989, Taravosh–Lahn filed a lawsuit for alleged injuries he sustained in the fall.

On May 3, 1989, Taravosh–Lahn served a request for production on relators. Relators filed an objection and a motion for protective order. At the hearing on the motion, relators argued the documents were privileged under Tex.R.Civ.P. 166b(3)(d) because they qualified as party communications made in anticipation of litigation. Relators produced the documents for an in camera inspection and submitted affidavits in support of their objections.

Respondent inspected several documents to be produced, including a document entitled "Other Liability Report," a four page document prepared by a claims manager for relators' insurance carrier and dated December 14, 1988. This "liability report" is the only document in issue in this mandamus proceeding. At the hearing, relators' counsel objected to producing all or any part of the liability report based upon an affidavit stating it was prepared in antici-

pation of litigation and was privileged under TEX.R.CIV.P. 166b(3)(d).

On July 3, 1989, respondent denied relators' motion for protection and ordered portions of the document produced. Respondent then signed an order sealing the document in question for the appeal to this court. Relators now urge us to order Judge Solito to rescind his order to produce. Relators argue respondent abused his discretion by ordering them to produce documents protected by the party communications privilege. The party communication privilege exempts information acquired or compiled in "anticipation of litigation." TEX.R.CIV.P. 166b(3)(d); *Toyota Motor Sales, U.S.A. v. Heard,* 774 S.W.2d 316, 318 (Tex.App.—Houston [14th Dist.] 1989) (orig. proceeding).

■ The amorphous "anticipation of litigation" standard continues to perplex courts and litigants. *See* Cassidy and Rice, Privileges and Discovery: Part One—The Expanding Scope of Discovery, 52 TEX. BAR.J. 462 for a discussion of the "anticipation of litigation" standard. The supreme court has established that a mere allegation that a party conducted an investigation in anticipation of litigation is insufficient to invoke the privilege. *Allen v. Humphreys,* 559 S.W.2d 798 (Tex.1977). However, in June of this year, the Supreme court discussed what triggers the "anticipation of litigation" privilege. In *Flores v. The Fourth Court of Appeals,* 777 S.W.2d 38 (Tex.1989), the court, held that the filing of a workers' compensation claim did not constitute litigation; therefore, a report prepared in anticipation of a workers' compensation claim would not per se trigger the privilege exemption. However, the court then set forth a two prong analysis to determine whether "good cause to believe a suit will be filed" exists:

> ... The first prong requires an objective examination of the facts surrounding the investigation. Consideration should be given to outward manifestations which indicate litigation is imminent. The second prong utilizes a subjective approach. Did the party opposing discovery have a

> good faith belief that litigation would ensue?

*Flores,* 777 S.W.2d at 40. This two prong analysis integrates the "outward manifestations" approach adopted in *Phelps Dodge Refining Corp. v. Marsh,* 733 S.W.2d 359, 361 (Tex.App.—El Paso 1987) (orig. proceeding), and a difficult "subjective good faith of the party opposing discovery" standard.

The first tier of the *Flores* analysis compels us to examine the facts surrounding the preparation of "The Other Liability Report." On May 7, 1987, counsel for real party in interest first notified relators that he represented plaintiff, Taravosh–Lahn. Eleven months later, on April 1, 1988, counsel for plaintiff made a formal settlement demand of $125,000 on relators' carrier. On October 31, 1988, relators' carrier received a letter stating in pertinent part:

> ... My client has authorized me to settle this case for no less than $500,000.00. In order to avoid delays in connection with this matter, we must limit the time within which the offer can be accepted to fifteen (15) days hereof. If not accepted within that period of time, this offer will automatically be revoked ... *We will, in that event commence with the action against your insured for a far greater amount than the amount offered in settlement herein.* (emphasis added)

Holly Jones, the claims representative for relators' carrier, responded to this demand on November 16, 1988 and requested additional information. She then prepared the "Other Liability Report" on December 14, 1988, six weeks after receiving the demand letter. Plaintiff filed suit on March 21, 1989.

From the circumstances surrounding its preparation, the report was clearly prepared not only in anticipation of, but in preparation for, litigation. We find a settlement demand, threatening suit if not accepted within fifteen days, is an "outward manifestation" indicating the imminent commencement of litigation, and is certain to solicit a subjective good faith belief that such action will ensue. We are unpersuaded by plaintiff's argument that because he

did not file suit within fifteen days, relators did not have a "good faith belief" that litigation was imminent. No single standard indicates when there is good cause to anticipate litigation, it is a judgment ultimately left to the trial court. *Toyota,* 774 S.W.2d at 319. Before an appellate court can disturb that finding, a trial court's action must be so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989).

Respondent's decision to exclude portions of the report in issue is indicative that he concluded the report was indeed prepared in anticipation of litigation. We trust his judgment could have lead him to no other proper conclusion considering the circumstances leading to the preparation of the report. After inspecting the document and concluding it was privileged, respondent was without discretion to excise portions and to order the remainder produced to plaintiff. The document in question was *privileged in its entirety.* The exemption created in Rule 166b(3)(d) protects communications made in "anticipation of litigation." We find this exemption applies to the document as a whole, including portions which would be discoverable through other means.

Having concluded that the liability report was privileged, respondent abused his discretion when he ordered portions of it produced. Therefore, we conditionally grant the writ. Pursuant to this opinion, it is within Judge Solito's discretion to vacate his order requiring production of the report. Only if he fails to do so will writ of mandamus issue.