**VILLAGES OF GREENBRIAR, Village Cove Apartments, Lampro Management, Lampro, Inc., or the Madison, Inc., D/B/A Greenbriar on the Bayou, Greenbriar Nine Joint Venture, Long Asset Management Co., Steve A. Berlinger, John Long, Newport Furniture Leasing, Inc., Greenspoint Associates, Ltd., and Long Capitol, Inc., Relators,**

v.

**The Honorable John A. HUTCHISON III, Judge of Probate Court Number 1 of Harris County, Texas, Respondent.**

No. 01–93–00233–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 2, 1993.

Arthur M. Glover, Jr., Adam H. Miller, Houston, for relators.

Gwen W. Dobrowski, Diane M. Guariglia, John T. Polaser, Houston, for respondent.

Before OLIVER–PARROTT, C.J., and WILSON and HEDGES, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This mandamus proceeding presents the issue of whether a trial court may order a witness to obtain a copy of a sworn statement the witness gave to the attorneys for one party in order for the witness to produce it to the attorneys for another party on the opposite side of the lawsuit. The relevant facts follow. The relators will be referred to collectively as "Villages of Greenbriar."

Norma Torres died on July 19, 1990, at the place of her residence, the Village Cove Apartments. At the time of her death, Norma Torres was living with George Davila, Jr. (Davila). Davila, asserting that he was Norma Torres' common law husband, filed suit against Villages of Greenbriar seeking damages for Norma Torres' death.

Shortly thereafter, Norma Torres' parents also brought a claim against Villages of Greenbriar seeking damages for their daughter's death. Both Davila and the Torres claimed to represent Norma Torres' estate. Their two separate lawsuits were ultimately consolidated in the district court. A concurrent lawsuit is pending in probate court, and Villages of Greenbriar is a contestant in that case.

After the consolidation in district court, and after the district court denied the motion for summary judgment filed by Villages of Greenbriar which attempted to show that Davila was barred from proving a common law marriage to Norma Torres, Villages of Greenbriar entered into settlement negotiations with Davila. Davila settled his claims, both individually and as representative of Norma Torres' estate, against Villages of Greenbriar. On October 8, 1992, immediately following the execution of the settlement documents, one of the attorneys for Villages of Greenbriar took a sworn statement from Davila.

Later, the Torres, in the probate litigation, sent a request for production to Villages of Greenbriar that sought, among other things, "[c]opies of any statement of Davila" and "[c]opies of the sworn statement given by Davila on or about October 8, 1992." Villages of Greenbriar objected, asserting work product, investigation, attorney/client, and witness statement privileges.

Also in the probate litigation, the Torres subsequently filed a notice of intent to take the oral/video deposition of Davila. Along with the notice, the Torres served on Davila a subpoena duces tecum which sought the production of, among other things, "[c]opies of any and all statements given to the Defendants/Contestants, including the sworn statement given to the Defendants/Contestants on October 8, 1992."

The Torres subsequently filed a motion to compel production of the statement from both Villages of Greenbriar and Davila. In their motion, the Torres prayed that the court "order George Davila, Jr. to produce [among other things, the statement]." Villages of Greenbriar responded to the Torres' motion by asking the court to order that "the sworn statement of George Davila is exempt from production as witness statement, work product, and investigation."

The court, after a hearing, denied the Torres' motion to compel production of a copy of the statement from Villages of Greenbriar. However, the court then ordered *Davila* to produce a copy of the statement to the Torres.

Villages of Greenbriar moved for rehearing and protection, arguing in part that Davila should not be forced to invoke his right to obtain a copy of his statement. In its motion, Villages of Greenbriar also proved, through counsel for Davila and through one of its own counsel, that Davila, since giving the statement, "has not seen ... a copy of the sworn statement taken on October 8, 1992," and that Villages of Greenbriar has "not produced the sworn statement to George Davila, Jr., personally."

The court denied Villages of Greenbriar's motion for rehearing. The court also ordered, on March 2, 1993, that "George Davila, Jr. is ORDERED to produce to [the Torres] a copy of George Davila, Jr.'s sworn statement[.]" Implicit in this order, of course, is the prerequisite that Davila first *obtain* a copy of his statement from Villages of Greenbriar so that he may produce it to the Torres.

■ We first hold that Villages of Greenbriar has standing to bring this mandamus action. This action results from ongoing litigation in which it clearly has a justiciable interest. *See Child World v. Solito,* 780 S.W.2d 954, 955 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding).

■ A writ of mandamus is available to correct a "clear abuse of discretion" by the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court clearly abuses its discretion when it "reaches a deci-

sion so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)).

■ Mandamus will not issue when there is a "clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840. That the party seeking mandamus relief must establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. *Id.* (quoting *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989)). We first consider whether the respondent abused his discretion.

Rule 166b(3) states in relevant part as follows:

3. **Exemptions.** The following matters are protected from disclosure by privilege:

c. The witness statements of potential witnesses and parties, when made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation, or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, *except that persons, whether parties or not, shall be entitled to obtain, upon request, copies of statements they have previously made concerning the action or its subject matter and which are in the possession, custody, or control of any party.*

TEX.R.CIV.P. 166b(3)(c) (emphasis added). Rule 166b(2)(g) is almost word-for-word the same as the portion of rule 166b(3)(c) that is emphasized above.

■ We recognize that the rules governing the discovery process in Texas demonstrate that the process is intended "for the gathering of relevant information within the control or knowledge of others." *Amis v. Ashworth,* 802 S.W.2d 374, 376 (Tex.App.— Tyler 1990, orig. proceeding). A person's right to obtain a copy of his own statement is an example of this policy. *Id.* at n. 2.

However, in this case, the trial court stretched a rule of discovery beyond its intended bounds and took that policy too far. Rules 166b(3)(c) and 166b(2)(g) state that the

person "shall be entitled to obtain" a copy. From their clear, plain language, these rules are for the benefit of the person who gave the statement; they give that person the entitlement, i.e., the right, to obtain a copy of his statement. The rules clearly do not *command* the person who gave the statement to obtain a copy.

Implicit in this right, and, we believe, in these rules, is the choice *not* to exercise the right to obtain a copy. As noted above, the right is for the benefit of the person who made the statement. We believe that the person who made the statement has the choice of obtaining a copy of his statement or *not* obtaining a copy, and that the trial court, under facts such as these, may not order the person to choose to obtain a copy.

Here, the trial court took away that choice and ordered Davila to exercise his right to obtain a copy of the statement and produce it to the Torres. We believe that the court analyzed and applied the law incorrectly. "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840.

We hold that the trial court abused its discretion when it ordered Davila to obtain a copy of his statement and produce it to the Torres. We now consider whether Villages of Greenbriar has an adequate remedy at law.

In *Walker*, the Supreme Court of Texas stated as follows:

> [A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. This occurs when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege ... or trade secrets without adequate protections to maintain the confidentiality of the information.

827 S.W.2d at 843 (citations omitted).

■ We emphasize that we have not ruled on Villages of Greenbriar's claims of privilege. Our decision that the respondent abused his discretion in ordering Davila to obtain a copy of his statement is based, not on any claims of privilege, but on the conclusion that a trial court, under these facts, cannot order a person to obtain a copy of his statement. We have not decided whether any of Villages of Greenbriar's claims of privilege are valid.

Nevertheless, the trial court's order that Davila obtain a copy of his statement and produce it to the Torres was erroneous, and this is an error we would not be able to cure in a normal appeal. After the Torres had already seen a copy of Davila's statement, a holding that the trial court had erred in ordering it produced in the way that it did would be meaningless as far as protecting Villages of Greenbriar's rights to have the statement produced properly, if indeed it is discoverable, or not at all. We hold that Villages of Greenbriar does not have an adequate remedy by appeal, because once the statement is produced, the issue is moot.

We conditionally grant the writ of mandamus. We order the trial court to vacate its order of March 2, 1993, which commanded Davila to produce a copy of his statement to the Torres. We are confident that the respondent will comply with this order, and a writ of mandamus will issue only if he fails to do so.

WILSON, J., dissents.

WILSON, Justice, dissenting.

I respectfully dissent. I would hold that Villages of Greenbriar does not have standing to assert the rights of Davila in this mandamus proceeding. We do not know whether Davila wants to obtain a copy of his statement or not, or whether he wants the Torres to have it or not, because he has not appeared before this Court. I do not believe that Villages of Greenbriar has standing to assert Davila's right not to obtain a copy. Only Davila does. Therefore, I dissent.