**In re James A. BAKER, Relator.**

**No. 01–10–00022–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 2010.

Eric B. Dick, Dick Law Firm, Houston, TX, for Appellant.

Ricardo Lazaro Ramos, Rick L. Ramos & Associates, P.C., Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, KEYES, and MASSENGALE.

## OPINION

MICHAEL MASSENGALE, Justice.

Relator James A. Baker filed this original proceeding, seeking to have the name of a Republican candidate for judicial office removed from the primary election ballot. We dismissed the petition for writ of mandamus for want of jurisdiction. We now substitute this opinion for our prior memo-

randum opinion, explaining our conclusion that Baker has failed to demonstrate his standing to bring this original proceeding.

## Procedural Background

On January 15, 2010, James A. Baker filed a petition for writ of mandamus, requesting that this Court direct Jared R. Woodfill, V, Chairman of the Harris County Republican Party, to omit from the March 2, 2010 primary ballot the name of Rick Ramos, putative candidate for district judge of the 308th Family District Court. The petition did not explain Baker's interest in the controversy. That same day, in order to determine our own jurisdiction, we directed the Clerk to issue a notice that the petition did not fully comply with the requirements of Texas Rule of Appellate Procedure 52.3(e) because it did not fully state the basis of this Court's jurisdiction. The notice directed the parties' attention to *In re Jones,* 978 S.W.2d 648 (Tex.App.-Amarillo 1998, orig. proceeding [mand. denied] ), in which the court indicated that a petitioner's status as a citizen or voter was insufficient to confer standing to challenge eligibility of a candidate for election. *See Jones,* 978 S.W.2d at 651 (citing *Allen v. Fisher,* 118 Tex. 38, 9 S.W.2d 731, 732 (1928)).

Baker filed an amended petition, in which he advised this Court that he is an "active Republican" in Harris County and a "financial supporter" of another candidate for the 308th Family District Court, albeit one who is seeking the Democratic nomination for that bench. A response in opposition to the petition for mandamus was filed by real party in interest Ramos, and that response was joined by respondent Woodfill.

A separate response was filed by Secretary of State Hope Andrade, who had been identified by Baker as a real party in interest. Secretary Andrade indicated that she took no position on the issues presented by this original proceeding, other than to urge the Court to resolve the matter quickly, in light of the statutory requirement that absentee ballots be mailed no later than January 23, 2010, the 38th day prior to the election. *See* Tex. Elec.Code Ann. § 86.004 (Vernon Supp. 2009).

After receiving the parties' briefs and oral arguments, on January 19, 2010 we issued a memorandum opinion denying relator's motion for temporary relief and dismissing the petition for writ of mandamus. We now explain our reasons for doing so.

## Jurisdictional Analysis

A petition seeking mandamus relief must state, without argument, the basis of the court's jurisdiction. Tex.R.App. P. 52.3(e). In his original petition, Baker correctly noted that this Court is authorized to compel an officer of a political party to perform a duty imposed by law in connection with an election. *See* Tex. Elec.Code § 161.009 (Vernon 2003) ("The performance of a duty placed by this code on an officer of a political party is enforceable by writ of mandamus in the same manner as if the party officer were a public officer."); *id.* § 273.061 ("[A] court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer."). Despite this statutory directive, we must nevertheless consider our jurisdiction to proceed, and the petitioner's standing is an element of our subject-matter jurisdiction. *See, e.g., Tex. Ass'n of Business v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443–44 (Tex.1993).

In his original petition, Baker included no statement of his interest in this contro-

versy or any other information relevant to his standing to bring this original proceeding. In his amended petition, Baker alleges that he is interested in the Republican primary election for the 308th Family District Court, a "well-known and long-time Harris County Republican activist," and a "registered Republican." He claims to be a member of the "Republican National Committee Advisory Board," but he does not allege anything more about that entity or the significance of his involvement with it. He states that he has an interest for the Republican county chairman "to follow [the] Texas Election Code and disallow an ineligible candidate from winning the primary election as he could later be disqualified by the opposing [D]emocrat[ic] candidate." Finally, Baker alleges that he is a contributor of an undisclosed amount of money to Julia Maldonado's campaign for election as judge of the 308th Family District Court, and he therefore claims an interest in the possibility that Maldonado might campaign against an ineligible candidate.

Although not stated in Baker's petition, as part of this original proceeding, this Court can and does take judicial notice of the fact that Maldonado is a candidate in the Democratic primary election. Tex.R. Evid. 201(b)(2) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Baker has not disclosed to this Court whether he intends to vote in the Republican primary.

■■■ "The standing requirement stems from two limitations on subject matter jurisdiction: the separation of powers doctrine and, in Texas, the open courts provision." *Tex. Ass'n of Business*, 852 S.W.2d at 443. To have standing, Baker must allege some injury distinct from that sustained by the public at large. *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001); *Blum v. Lanier*, 997 S.W.2d 259, 261 (Tex.1999); *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). Factors this Court has considered to determine whether a party has standing have included (1) a direct injury, or threat of a direct injury, resulting from the complained-of wrongful act; (2) a direct relationship between the alleged injury and the claim the party seeks to adjudicate; (3) a personal stake in the controversy; (4) an injury in fact arising from the challenged action, either economic, recreational, environmental, or otherwise; and (5) the appropriateness of the party to assert the public's interest in the matter, as well as the party's own interest. *See, e.g., Am. Heritage, Inc. v. Nev. Gold & Casino, Inc.*, 259 S.W.3d 816, 820 (Tex.App.-Houston [1st Dist.] 2008, no pet.).

We consider each of Baker's claimed interests in Ramos's candidacy to determine whether any of them provide him the interest necessary to confer standing.

### 1. Republican activities

■■■ Baker contends that he has standing based on his status as a "well-known and long-time Harris County Republican activist" and a "registered Republican." The allegations that Baker has an interest in the subject of this proceeding based on his Republican activities cannot be a stronger interest than he would have if he actually intended to vote in the Republican primary, which would be insufficient to bestow standing. *See Brown*, 53 S.W.3d at 302; *see also Clifton v. Walters*, 308 S.W.3d 94, 98–99 (Tex.App.-Fort Worth 2010, no pet. h.) (affirming finding of no standing to challenge candidates' eligibility for election based on plaintiffs' citizenship, voter, and taxpayer status). Likewise, being an active Republican does not distinguish Baker from the rest of the public

with respect to an interest in the inclusion of Ramos on the Republican primary ballot.

Baker's claim to be a member of the "Republican National Committee Advisory Board," without alleging more, also provides no basis for considering him to have any greater interest than any other voting citizen. Baker has not suggested that his association with this board bestows upon him any unique interest, rights, or responsibilities with respect to the Republican primary election for the 308th Family District Court. We thus reject Baker's suggestion that his engagement in Republican Party activities constitutes a basis for his standing in this proceeding.

### 2. Interest in enforcement of the law

■ Baker contends that he has standing based upon his interest for the Republican Party county chairman "to follow [the] Texas Election Code and disallow an ineligible candidate from winning the primary election as he could later be disqualified by the opposing [D]emocrat[ic] candidate." Like the interest of a citizen, a voter, or a taxpayer in any public controversy, Baker's claimed interest in general enforcement of the law is no different than that of any other member of the public at large, all of whom may be safely presumed to favor general enforcement of the laws. *See White v. Robinson,* 260 S.W.3d 463, 472–73 (Tex.App.-Houston [14th Dist.] 2008, pet. granted) (rejecting plaintiffs' standing based upon their interest in enforcement of law, which arguably was greater than that of the general public); *Eddowes v. Curry,* 599 S.W.2d 367, 370 (Tex.Civ.App.-Fort Worth 1980, no writ) (finding no justiciable controversy when plaintiff citizens' interest in enforcement of criminal laws at issue was not a greater interest than that possessed by the public generally); *cf. Scott v. Harris Methodist HEB,* 871 S.W.2d 548, 550–51 (Tex.App.-

Fort Worth 1994, no pet.) (holding that private taxpayer lacked standing to contest tax exemption that taxpayer asserted was secured through fraud and noting that taxing authority could challenge tax exemption and district attorney could enforce law). We reject this allegation as a basis for Baker's standing.

### 3. Financial support of candidate in opposing party's primary

■ Finally, Baker alleges that he has the interest necessary to prosecute this original proceeding based on his status as a contributor to Julia Maldonado's campaign for election as judge of the 308th Family District Court, the same position ultimately sought by real party in interest Ramos. Baker characterizes this interest as one against any possible need for Maldonado to campaign against an ineligible candidate.

Baker has provided us no authorities suggesting that as a financial supporter of a candidate in the Democratic primary, he has standing to challenge the eligibility of a candidate in the Republican primary. Instead, in support of his standing, Baker relies on four cases. Three of the cases relied upon by Baker, *Brimer v. Maxwell,* 265 S.W.3d 926, 928 (Tex.App.-Dallas 2008, no pet.), *In re Jones,* 978 S.W.2d 648, 651 (Tex.App.-Amarillo 1998) (orig. proceeding [mand. denied] ), and *Lemons v. Wylie,* 563 S.W.2d 882, 883 (Tex.Civ.App.-Amarillo 1978, no writ), all establish that a candidate for election to an office has standing to challenge the ballot-eligibility of another candidate for the same office. Two of these three cases involved contestants who would appear on the same ballot. In *Brimer,* an incumbent Republican state senator challenged the inclusion of the Democratic nominee's name on the general election ballot. *See Brimer,* 265 S.W.3d at 927–28. In *Jones,* a general election

write-in candidate for judge of a county court at law challenged the inclusion of the Republican candidate for the same office. *See Jones,* 978 S.W.2d at 650–51. In the third case, *Lemons,* a candidate challenged the inclusion of the name of the incumbent county attorney on the Democratic primary ballot. *See Lemons,* 563 S.W.2d at 882–83. The opinion in *Lemons* identified the challenger as a candidate for county attorney, but did not specify whether that challenger was a candidate for the Democratic nomination. None of these cases presented the issue of the standing of an opposing candidate's financial supporter.

In the other case relied upon by Baker, *Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982), the United States Supreme Court considered whether a corporation advocating the separation of church and state had standing to challenge a conveyance of property from a department of the federal government to a nonprofit educational institution operating under the supervision of a religious order. The Supreme Court held that Article III of the United States Constitution requires a party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision." *Id.,* 454 U.S. at 472, 102 S.Ct. at 758–59 (citing *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979), and *Simon v. E. Ky. Welfare Rights Org.,* 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450 (1976)). These requirements are analogous to the distinct-injury requirement for standing in Texas courts. *See, e.g., Brown,* 53 S.W.3d at 297. Baker has no more shown that he has standing under standards applicable in federal courts than he has with respect to Texas law.

Baker asks us to exercise the Court's "discretion" to find that his interest in Ramos's candidacy is sufficiently distinct from the interest of the public at large to confer standing: But the issue is not one of the Court's discretion, but of whether Baker satisfies the legal standard to demonstrate standing. Although we construe Baker's pleadings liberally, ultimately it is his burden to allege facts that affirmatively demonstrate the Court's jurisdiction to hear the cause. *Tex. Ass'n of Business,* 852 S.W.2d at 446.

Baker suffers no direct injury if Ramos's name remains on the ballot. Baker is not a candidate for the Republican nomination for election to the 308th Family District Court. The candidate Baker supports is seeking the Democratic nomination, not the Republican nomination. Even if we were to assume that some level of activity or financial contributions on behalf of a political candidate could be sufficient to give a supporter standing to challenge another candidate's ballot eligibility—an issue we need not and do not reach—Baker's alleged injury is still contingent upon at least two other future events, Ramos winning the Republican primary, and Maldonado winning the Democratic primary. *See Gottlieb v. Fed. Election Comm'n,* 143 F.3d 618, 621 (D.C.Cir.1998) (rejecting argument that standing could be predicated on supposed injury to voters' "ability to influence the political process" as resting upon "gross speculation" being "far too fanciful to merit treatment as an 'injury in fact' "). As observed by the United States District Court for the District of Columbia Circuit:

In a case such as this one, where the "asserted injury arises from the govern-

ment's allegedly unlawful regulation (or lack of regulation) of someone else," standing will often be difficult to establish. This is because "one or more of the essential elements of standing 'depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict.'" *Id.* (internal citations omitted, quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 562, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992)).

This attenuated interest of Baker's does not rise to the level of a direct injury under Texas law. There is no threat of direct injury to Baker, in the sense that he has no personal stake in the alleged dispute, or any injury that is concrete and particularized. *See Brown,* 53 S.W.3d at 305–06 (citing *Raines v. Byrd,* 521 U.S. 811, 819, 117 S.Ct. 2312, 2312, 138 L.Ed.2d 849 (1997)). There is no direct relationship between Ramos's candidacy for a Republican nomination and Baker's support of a Democratic candidate in a separate contested primary election. *See, e.g., Am. Heritage,* 259 S.W.3d at 820 (standing may be predicated upon "a direct relationship between the alleged injury and the claim asserted").

Finally, Baker has argued that our decision should be guided by a purported legislative directive to allow "any voter" to seek the relief requested in his original proceeding. Baker's argument is an apparent reference to Chapter 1 of the 1951 Election Code, referenced by the Amarillo Court of Appeals in *Jones,* 978 S.W.2d at 651, which provided as follows:

[1.05]  Ineligibility

... No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State....

[1.06]  Ineligibility bars

... the name of no ineligible person, under the Constitution and laws of this State shall be certified by any party, committee, or any authority authorized to have the names of candidates placed upon the primary ballots at any primary election in this State....

[1.07]  Injunction may issue

The district court shall have authority to issue writs of injunction and all other necessary process at the suit of any interested party, or of any voter, to enforce the provisions of the above two (2) sections and to protect thereunder the rights of all parties and the public....

Act of June 28, 1951, 52nd Leg., R.S., ch. 492, § 1, 1952 Tex. Gen. Laws 1097, 1098, *repealed by* Act of May 13, 1985, 69th Leg., R.S., ch. 211, § 9(1), 1985 Tex. Gen. Laws 802, 1076. The Election Code was recodified in 1985. Section 1.07 of the 1951 Code was recodified as section 273.081 of the present Election Code, which provides: "A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring." Act of May 13, 1985, 69th Leg., R.S., ch. 211, § 1, 1985 Tex. Gen. Laws 802, 1054 (codified at TEX. ELEC.CODE ANN. § 273.081). The "any voter" language relied upon by Baker is no longer part of the Election Code. *See* Act of May 13, 1985, 69th Leg., R.S., ch. 211, § 9(1), 1985 Tex. Gen. Laws 802, 1076 (repealer).

We thus conclude, on the facts of this case, that standing to challenge a candidate's inclusion on a primary election ballot cannot be predicated on an alleged injury that is only derivative of harm to

another candidate in another party's primary election. The considerations that give opposing candidates standing to challenge each others' ballot eligibility, *see, e.g., Jones,* 978 S.W.2d at 651, do not necessarily establish that under the same circumstances, the candidates' financial contributors may also claim an injury distinct from that sustained by the public at large. Under these circumstances, we conclude that Baker's interest in the subject matter of his petition is too attenuated to be distinguished from that of the public at large.

### Conclusion

Accordingly, we hold that Baker lacks standing to bring this original proceeding, and we dismiss the original proceeding for want of jurisdiction.