**Dismiss and Opinion Filed December 22, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01510-CV

## IN RE GUARDIANSHIP OF DALTON LEE JONES, AN ALLEGED INCAPACITATED PERSON

**Original Proceeding from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. PR-15-03569-3**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Brown
Opinion by Justice Fillmore

In this petition for writ of mandamus relators Reginald Jones and Dr. Kimberly Johnson complain that the trial court has improperly extended the term of a temporary guardianship over Dalton Jones and that the trial court has improperly transferred to itself a suit seeking habeas corpus relief on behalf of Dalton Jones. The petition is not accompanied by an appendix or record as required by rule 52.3(k) and 52.7 of the Texas Rules of Appellate Procedure and is not certified as required by rule 52.3(j). Although these deficiencies alone constitute sufficient reason to deny mandamus relief, in the interest of judicial economy, we address the petition.

Standing is an element of an appellate court's subject-matter jurisdiction over a petition for writ of mandamus. *In re Baker*, 404 S.W.3d 575, 577 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). A petitioner for mandamus relief must have standing to bring suit just as any other litigant. 55 C.J.S. *Mandamus* § 48. A relator has standing to pursue mandamus relief if the

relator has a justiciable interest in the controversy. *See Villages of Greenbriar v. Hutchison*, 880 S.W.2d 777, 779 (Tex. App.—Houston [1st Dist.] 1993, no writ). To have such an interest, the relator must assert a claim on his own behalf. *See Cole v. Gabriel*, 822 S.W.2d 296, 297 (Tex. App.—Fort Worth 1991, no writ) (concluding attorney did not have standing in his individual capacity to attack the trial court's order overruling his invocation of attorney-client privilege while testifying as a witness).

Reginald Jones and Dr. Kimberly Johnson do not allege that they are personally aggrieved by the actions of the trial court that are the basis for the petition. For example, they do not allege that either of them has been appointed the guardian of Dalton Jones. For that reason Reginald Jones and Dr. Kimberly Johnson have failed to establish standing to pursue this petition for writ of mandamus. We dismiss the petition for want of jurisdiction.

/Robert M. Fillmore/  
ROBERT M. FILLMORE  
JUSTICE

151510F.P05