**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 13, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00761-CV

## IN RE GORE FAMILY LIMITED PARTNERSHIP, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 73301**

## MEMORANDUM OPINION

On August 29, 2018, relator Gore Family Limited Partnership filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable W. Edwin Denman, assigned judge of the 412th District Court of Brazoria County, to vacate his August 23, 2018 orders authorizing Lynn J. Klement, Liquidating Manager, to enter into a Commercial Real Estate Listing Agreement and

to retain Eric Furey of Gilbert and Furey to represent him in all the matters involving his work as Liquidating Manager. On September 4, 2018, relator filed a motion asking our court to stay these orders. *See* Tex. R. App. P. 52.8(b), 52.10.

Standing is an element of an appellate court's subject-matter jurisdiction over a petition for writ of mandamus. *In re Baker*, 404 S.W.3d 575, 577 (Tex. App.— Houston [1st Dist.] 2010, orig. proceeding). To be entitled to mandamus, relators must have a justiciable interest in the underlying controversy. *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991). To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Relator has not established that it is entitled to mandamus relief. We therefore deny relator's petition for writ of mandamus and motion for stay.


PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.

2