**DISMISS and Opinion Filed March 19, 2020**



**In The**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01471-CV**

**GREGORY CONLEY, Appellant**
**V.**
**CITY OF DALLAS, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-17139**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Carlyle
Opinion by Justice Carlyle

The underlying suit in this appeal was filed by the City of Dallas against New Start Foundation of Dallas, Inc. for alleged city and fire code violations on certain real property owned by New Start. The trial court appointed a receiver over the property and subsequently authorized the receiver to proceed with a contract for the sale of the property. By this appeal, George Conley challenges the order authorizing the receiver to proceed with the sale.

Because Mr. Conley was not a party to the trial court proceedings and did not appear aggrieved by the order, we questioned his standing to appeal and requested

jurisdictional briefing.[1] *See In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) ("Generally, only parties of record may appeal a trial court's judgment."); *McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 234 (Tex. 2001) ("[S]tanding requires that the controversy adversely affect the party seeking review."); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) ("Standing is implicit in the concept of subject matter jurisdiction.").

In his letter brief, Mr. Conley asserts "his interest is adversely affected" by the order, asks this court to "readdress" the trial proceedings, and, citing the "Original Proceedings" section of the appellate rules, claims to be a "real party in interest." Later, Mr. Conley requests relief as "appellant" and "appellant – relator." Mr. Conley does not state how he has any interest that is affected and nothing in the record supports an assertion that he does.

He suggests he possesses third-party standing, which the law defines as standing "to recover under a contract that is clearly intended for their direct benefit." *See Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam). In support, Mr. Conley articulates a definition of a different concept, incorrectly stating that third-party standing is "Standing held by someone claiming to protect the rights of other [to include one's self by virtue of equity for interest base on principle investment]."

---

[1] We also questioned whether the order was appealable. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 & n.13 (Tex. 1992) (appeal may be taken from final judgment disposing of all issues and parties or interlocutory orders authorized by rule or statute). The parties do not address whether the order is appealable in their letter briefs. Because we conclude we lack jurisdiction based on Conley's lack of standing, we decline to address the issue. *See* TEX. R. APP. P. 47.1.

He follows this incorrect statement with "Specific Detail," which includes basic details about the bankruptcy of New Start's registered agent, a person who also appears to have intervened pro se in the trial court. Mr. Conley has failed to articulate a basis for third-party standing. *See Stine*, 80 S.W.3d at 589.

Our jurisdiction, appellate or original, must be invoked by a party with standing. *See Tex. Air Control Bd.*, 852 S.W.2d at 443; *In re Baker*, 404 S.W.3d 575, 577 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). Because Mr. Conley lacks standing, we lack jurisdiction and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

191471F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GREGORY CONLEY, Appellant

No. 05-19-01471-CV        V.

CITY OF DALLAS, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-17139.
Opinion delivered by Justice Carlyle,
Justices Bridges and Molberg
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee City of Dallas recover its costs, if any, of this appeal from appellant Gregory Conley.

Judgment entered this day of March 19, 2020.