**Opinion issued August 26, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00479-CV

————————————

## IN RE ROBERTO ROJAS, THE DICK LAW FIRM, PLLC, AND JOSEPH F. RADLER, III, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relators Roberto Rojas, The Dick Law Firm, PLLC, and Joseph F. Radler, III have filed a petition for writ of mandamus challenging the trial court's June 23, 2025 order setting a show cause hearing concerning nonpayment of sanctions.[1]  Relators have also filed a motion to stay the hearing, set for July 2, 2025.  On July 11, 2025, relators

---

[1]  The underlying case is *Roberto Rojas v. State Farm Mutual Automobile Insurance Company*, cause number 1143116, pending in the County Civil Court at Law No. 3 of Harris County, Texas, the Honorable LaShawn Williams.

filed an amended petition for writ of mandamus, adding additional arguments supporting their claims that the trial court abused its discretion in issuing the June 23, 2025 order and that the June 23, 2025 order is void.

The June 23, 2025 order sets a show cause hearing concerning the failure to comply with prior sanctions orders that impose sanctions only against relator Joseph R. Radler, III and that do not expressly concern the other two relators. However, the amended final judgment also contains a section concerning the reduction of costs in relation to the payment of the sanctions and this may implicate relator Roberto Rojas.

We must first consider our jurisdiction and a relator's standing is an element of our subject-matter jurisdiction. *See In re Baker*, 404 S.W.3d 575, 577 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). The requirement of standing is based on "two limitations on subject-matter jurisdiction: the separation of powers doctrine and, in Texas, the open courts provision." *Id*. at 578 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). To determine whether a party has standing we consider whether the party has

> (1) a direct injury, or threat of a direct injury, resulting from the complained-of wrongful act;
>
> (2) a direct relationship between the alleged injury and the claim the party seeks to adjudicate;
>
> (3) a personal stake in the controversy;
>
> (4) an injury in fact arising from the challenged action, either economic, recreational, environmental, or otherwise; and

(5) the appropriateness of the party to assert the public's interest in the matter, as well as the party's own interest."

*Baker*, 404 S.W.3d at 578.

Based on our review of the record and the concerns outlined above, the Court finds no basis for concluding that relator The Dick Law Firm, PLLC has standing to complain about the June 23, 2025 order. Accordingly, the petition is dismissed as to relator The Dick Law Firm, PLLC.

As to the remaining relators, we deny the petition. *See* TEX. R. APP. P. 52.8. Any pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.